No. 6.—THEODORE P. PEASE and others, plaintiffs in error, *vs.* ALEXANDER SCRANTON and others, administrators, &c. defendants in error.

[1.] A Court of Equity will not entertain jurisdiction for the purpose of en_ abling the creditors of an intestate to collect their demands from the administrators of such intestate, when the remedy at Law is ample and adequate; but will leave the parties to pursue their ordinary remedies, in the Common Law Court.

In Equity, in Glynn Superior Court. Decision on demurrer, by Judge H. R. JACKSON.

Theodore P. Pease and Horace B. Gould, in behalf of themselves and the other creditors of Mary Abbott, deceased, filed their bill in Equity, setting out the nature and amount of their claims; that the same had been put in suit, against Alexander Scranton and Horace B. Gould, as the administrators of Mary Abbott, deceased, which suits were still pending; that said Mary Abbott died possessed of considerable property, including real estate and slaves; that the wives of said Scranton and Gould, were the next of kin of Mary Abbott; that the administrators had failed and refused to make a perfect inventory, and have a full appraisement of the estate of Mary Abbott, not including therein, valuable real estate and numerous negroes—pretending that the same, under a marriage settlement with George Abbott, deceased, the husband of Mary Abbott, were the property of Mrs. Scranton and Mrs. Gould, at the death of Mary Abbott; that the administrators have pleaded "*plene administravit*," and "*plene administravit præter*" to the suits brought by complainants, and have paid to them a very inconsiderable amount of their claims, pretending that the estate is insolvent; that Mary Abbott, during her lifetime, mortgaged to Pease, the complainant, the tract of land now pretended not to belong to her estate; and that Pease is proceeding to foreclose the mortgage, which proceeding is still pending.

The prayer of the bill was, for an account; that if the admin-

istrators would not admit assets, that an account might be taken of the estate and effects of Mary Abbott, in whose soever hands the same may be found; that if necessary, a receiver may be appointed, to effect this object; that all legal, or other impediments to the recovery of complainant's demands, be removed, and for general relief.

To this bill, a demurrer was filed, on the ground that complainant had an adequate remedy at Law, and had elected to proceed in a Court of Law. The Court below, upon hearing argument, sustained the demurrer, and dismissed the bill.

Upon this decision, error is assigned.

HARDEN and LAWTON, for plaintiff in error, submitted the following points and authorities :

1st. It is not enough that there is a remedy at Law—it must be adequate and complete. 4 *Wash. C. C. R.* 349. 1 *Vesey*, 417. 10 *Johns.* 587. 17 *Johns.* 384. *Story's Eq. Pl.* §473. 1 *Story's Eq. Jur.* §80. *And see* 9 *Geo. R.* 393. 7 *Ib.* 553. 1 *Kelly*, 376.

A plea of *plene administravit*, puts the plaintiff to proof of assets ; and on a judgment *quando*, only such assets as afterwards come to the hands of the administrator are liable. 3 *Kelly*, 132. 7 *Geo. R.* 149. 2 *N. & M.* 572.

Assets which can ordinarily be reached at Law, are such as come to the hands of the administrator *qua* administrator. 1 *Story's Eq. Jur.* §§551, '2. 2 *Wms. Ex'rs*, 1176, 1195, 1196.

That the remedy in Equity is more complete in cases of administration. See 1 *Story's Eq. Jur.* §§535, 541. *Adams on Equity*, 250. 8 *Geo. R.* 581, *and cases cited.* 3 *Kelly*, 575. *Story's Eq. Pl.* §§72 *to* 76, 172, 174, 178, 227. Especially is this true where the rights of third persons are involved, and an account is wanted.

The bill in this case, states expressly a refusal by the administrators to appraise or administer the particular assets, and that Scranton and Gowen, on pretence that the land and negroes did not belong to the intestate, " took possession of the same, un-

der some pretended claim of title in themselves individually, *in right of their wives,*" the other defendants. It is clear, that whether the individual rights of Scranton and Gowen, real or pretended, would be concluded at Law, on a suit against them, only as administrators, until *devastavit* is established, certainly the rights of their wives could not be concluded in a proceeding to which they are strangers.

The estate is either solvent or insolvent. The bill avers its solvency—the demurrer admits a plea at Law of insolvency. If it be solvent, then a fraudulent impediment has been created by the defendants, one involving the determination of questions which cannot be settled by one suit at Law—if insolvent, then Equity is the proper tribunal to marshal the assets in favor of all the creditors. 1 *Story's Eq. Jur.* §§550 *to* 570, and to order an account.

The complainants are not bound to set out the title of the defendants minutely. *Story's Eq. Pl.* §255. 2 *Mad. Ch. Pr.* 168, '9. The prevention of a multiplicity of suits, is a distinct ground of Equity jurisdiction, and " a very favorite object " with Courts of Equity. 1 *Story's Eq. Jur.* §§64 *k. to* 67. 6 *Johns. Ch.* 151. And see 7 *Geo. R.* 549, 553. 2 *Ala.* 609.

2d. But it is said we have elected a legal forum, (and 2 *Kelly*, 153, has been referred to,) one adequate to give full relief, no discovery being wanted. This is not technically a bill for discovery, although every bill is more or less so. *Fonb. Eq.* 656, *note.* Had this been a bill of discovery, it would not have lain, until a denial of assets, at Law. 2 *Wms. on Ex'rs*, 1438. *Com. Dig. Ch.* (2 *G.* 3) (3 *B.* 2.)

Now, if we are not to anticipate a denial of assets, how have we elected ? The *pendency* of a suit at Law has nothing to do with the question, and particularly before answer. *Story's Eq. Pl.* §742. 1 *Smith's Ch. Pr.* 561. 1 *U. S. Eq. Dig.* 420.

3d. In case of administration, it is not necessary that the complainants should be judgment creditors. *Story's Eq. Pl.* §§99, 100, 101. 1 *Story's Eq. Jur.* §§546, 547. 2 *Wms. Ex.* 1438, 1439. 6 *Johns. Ch.* 151. And a bill for account of the

real estate *must* be brought on behalf of *all* the creditors. *Adams on Eq.* 257, 258.

The Court below decided, that no legal impediment was shown by the bill. But the bill should state *facts*, and not arguments, or presumptions of law. *Story's Eq. Pl.* §§23, 24, 240, 252. 8 *Geo. R.* 102.

But if the averments were not sufficiently distinct, as to the claims of the female defendants, the Court should have permitted an.amendment. *Story's Eq. Pl.* §§883, 884, 885. 8 *Geo. R.* 522. 7 *Geo. R.* 457. The Court below was mistaken in supposing that these defendants were joined solely or chiefly as heirs at law. They were joined because of their supposed claim not in right of, but against, the title of the intestate, as is shovr in the bill of complaint and the bill of exceptions.

Upon the subject of alleged multifariousness, we refer ᴜ ʹ2 *Kelly*, 413. 5 *Geo. R.* 22, 573. 9 *Geo. R.* 278.

LLOYD and OWENS, for defendants in error, submitted the following points and authorities :

1st. The remedy at Law is full and adequate, by a traverse of the plea of *plene administravit*, and there is no allegation which shows the necessity of a resort to Equity.

2d. That even if the remedy in Equity is concurrent in this case, that the complainants having elected to proceed at Law, must exhaust their remedy there, before they can come into Equity.

3d. That the parties plaintiffs should have obtained their judgments at Law, to entitle them to join in a bill in a Court of Equity.

The remedy at Law is complete. If the property is in possession of the defendants, the matter can be tested by a traverse of the plea of *plene administravit*, which they have filed to the Common Law suit. 2 *Nott & McCord*, 574, 575.

If the property is not in possession of the defendants, it may be levied upon after plaintiffs obtain a judgment *quando acciderint*. 7 *Geo. R. p.* 149.

There is no special discovery sought for, no fact charged to be within the knowledge of defendants, no special reason for not continuing the suits at Law; and in such case the Court of Equity will not sustain the bill. 7 *Geo. R. p.* 207. 3 *Johnson Ch. p.* 58. See also, 7 *Geo. R.* 161. 3 *Kelly,* 137, 140.

Where remedies are concurrent, if the parties commence an action at Law, they cannot then file their bill in Equity, but are held to their election. 2 *Geo. R. p.* 151.

The creditor's bill, technically called, is sustained on the ground of discovery, and having once attached for that purpose, is continued for relief, to avoid multiplicity of suits. 4 *John. Ch.* 631. 1 *Story's Eq.* 516.

In this case, there is no discovery sought, and the bill of plaintiffs creates the multiplicity of suits which it is only sustained to avoid.

If the bill be a creditor's bill, seeking relief in full, then there are two suits pending for the same cause of action, and as this is apparent upon the face of the bill, it will be dismissed as oppressive.

If this be considered as a bill to set aside an obstacle in the way of the plaintiffs, in the recovery of their debts, they must first obtain a judgment at Law before they can unite. 6 *John. Ch.* 151.

*By the Court.*—WARNER, J. delivering the opinion.

The complainants filed their bill, as the creditors of Mary Abbott, deceased, against the defendants, as her administrators, asking the aid of a Court of Equity, to enable them to collect their demands against the intestate, from her legal representatives. For the purpose of giving to the Court jurisdiction, it is alleged, that the administrators have made an imperfect inventory of the intestate's property; that they have failed to include in such appraisement, valuable real and personal estate, consisting of lands and negroes; alleging that the same is, by virtue of certain deeds of marriage settlement, the separate property of the wives of the administrators, who are the daughters of the intes-

tate ; that suit has been instituted in the Common Law Court, on their respective demands against the administrators, who have pleaded thereto, *plene administravit,* and *plene administravit præter.*

There is no allegation in the complainants' bill, which, in our judgment, makes it necessary for them to apply to a Court of Equity for relief. For aught that appears, their remedy at Law is ample and adequate. The question of title to the property, which is alleged to have been the intestate's at the time of her death, can be as well tried at Law, on the issue of *plene administravit,* as in a Court of Equity ; at least, *no reason* is suggested by the bill, why it cannot. If the complainants should obtain judgments against the administrators, *quando acciderint,* the same might be levied on the property of the intestate which had not come to the hands of the administrators to be administered, as was ruled by this Court, in *Allen vs. Matthews,* 7 *Ga. R.* 149. If the property levied on by such judgment, should be claimed as not having been the property of the intestate at the time of her death, there does not appear to be any obstacle or obstruction, why the title to such property could not as well be tried at Law, as in a Court of Equity.

It is undoubtedly the policy of our State legislation, not to compel parties to litigate their rights in a Court of Equity, when the Common Law Courts afford them an ample, *adequate* remedy ; and we have endeavored to conform to that policy, in the adjudications made by this Court. *Coleman vs. Freeman,* 3 *Kelly,* 137. *Powers vs. Gray,* 7 *Ga. R.* 206. If, in the prosecution of their legal rights, the aid of a Court of Equity shall be necessary to enable them to obtain them, the door of that Court is always open to afford the necessary assistance, upon a *proper case* being made ; but until such a case is made, the parties must pursue their ordinary remedies in the Common Law Court.

Let the judgment of the Court below be affirmed.