### ROUTON *v.* WOODBURY BANKING COMPANY.

No. 18160. Argued March 10, 1953—Decided April 14, 1953.

*G. A. Huddleston* and *G. C. Thompson*, for plaintiff in error.
*George C. Kennedy, W. S. Allen, Kennedy & Bulloch* and *Rayford D. Bulloch*, contra.

HEAD, Justice. The deed to secure debt from H. L. McKenney to Woodbury Banking Company (the plaintiff in execution) is prior in date and was duly recorded, and would constitute a prior title or lien over the deed to secure debt of the claimant, under the general rules of law. It is contended by the claimant, however, that the decision of this court in *McKenney* v. *Woodbury Banking Co.*, 208 *Ga.* 616 (68 S. E. 2d, 571), to the effect that Woodbury Banking Company was not entitled to a "special lien" upon the property described, was a ruling that the plaintiff in execution could not enforce its deed to secure debt. The sole objection by the claimant to the introduction of the deed to secure debt from McKenney to Woodbury Banking Company was the contention that this court had held that the bank was not entitled to a "special lien" upon the property.

Legal assets are such as may be reached by the ordinary processes of the law. Equitable assets can be reached only through the intervention of equity. Code, § 37-401. A "special lien" on specific property may be decreed whenever the rules of equity require this remedy. *Chapple* v. *Hight*, 161 *Ga.*

629, 632 (131 S. E. 505). A special or equitable lien is not an estate or property in the thing itself, nor a right to recover the thing. "It is simply a right of a special nature over the thing, which constitutes a charge or *encumbrance upon the thing,* so that the very thing itself may be proceeded against in an equitable action." *Collier* v. *Bank of Tupelo,* 190 *Ga.* 598, 601 (10 S. E. 2d, 62) ; *Federal Land Bank of Columbia* v. *Farmers & Merchants Bank,* 177 *Ga.* 505, 512 (170 S. E. 504) ; 33 Am. Jur. 427, § 18; 53 C. J. S. 869-872, § 20 (a, b).

Prior to the Uniform Procedure Act, statutory liens could be enforced only in the manner provided by law. *Coleman* v. *Freeman,* 3 *Ga.* 137; *Pease* v. *Scranton,* 11 *Ga.* 33, 38; *Osborn* v. *Ordinary of Harris County,* 17 *Ga.* 123; *Newton Manufacturing Co.* v. *White,* 47 *Ga.* 400, 404.

Since the Uniform Procedure Act, equity may enforce liens created by express contracts under proper pleadings, and may protect equitable rights by impressing liens in the absence of a contract. *Lowery Lock Co.* v. *Wright,* 154 *Ga.* 867, 870 (115 S. E. 801) ; *Smith* v. *Hancock,* 163 *Ga.* 222 (136 S. E. 52) ; *Smith* v. *Albright-England Co.,* 171 *Ga.* 544 (156 S. E. 313) ; *Cook* v. *Securities Investment Co.,* 184 *Ga.* 544 (192 S. E. 179) ; *Grant* v. *Hart,* 192 *Ga.* 153 (14 S. E. 2d, 860) ; *Pardue Medicine Co.* v. *Pardue,* 194 *Ga.* 516 (22 S. E. 2d, 143) ; *Parnell* v. *Wooten,* 202 *Ga.* 443 (43 S. E. 2d, 673).

In *McKenney* v. *Woodbury Banking Co.,* supra, the defendant, McKenney, attacked the validity of the bank's deed to secure debt, relying upon the act approved March 27, 1941 (Ga. L. 1941, p. 487, Code, Ann. Supp., § 67-1308), and the bank, by demurrer, attacked the defendant's answer and the constitutionality of the 1941 act. Under the well-established rule that constitutional questions will not be decided unless a determination of such questions is essential to the judgment (*Armstrong* v. *Jones,* 34 *Ga.* 309 (3) ; *Taylor* v. *Flint,* 35 *Ga.* 124 (3) ; *Board of Education of Glynn County* v. *Mayor &c. of Brunswick,* 72 *Ga.* 353 (1) ; *Herring* v. *State,* 114 *Ga.* 96 (2), 39 S. E. 866; *McGill* v. *Osborne,* 131 *Ga.* 541 (2), 62 S. E. 811; *Hoover* v. *Pate,* 162 *Ga.* 206 (2), 132 S. E. 76; *Wiley* v. *Douglas,* 168 *Ga.* 659, 660 (2), 148 S. E. 735; *Georgia Power Co.* v. *City of Decatur,* 173 *Ga.* 219, 220 (3), 159 S. E. 863; *Traylor* v. *Gormley,* 177 *Ga.*

185, 186 (3), 169 S. E. 850; *Cone* v. *State,* 184 *Ga.* 316 (1), 191 S. E. 250)—no ruling was made by this court as to the validity of the 1941 act. The attack upon the 1941 act did not involve the bank's note, or its right to a "special lien," which could be, and was ruled upon, without the necessity of determining the validity of that act. In the absence of special facts authorizing equitable relief, the bank would not be entitled to a "special lien" on the land described in its deed. *Lovell* v. *Frankum,* 145 *Ga.* 106 (88 S. E. 569).

In *McKenney* v. *Woodbury Banking Co.,* supra, the bank prayed for the equitable relief of a "special lien," but failed to plead any facts to show that it was entitled to this equitable remedy. The bank abided by a verdict and judgment which made no reference to a "special lien," and it could not thereafter insist that it had the equitable right of a "special lien," under the Code, § 110-501.

No ruling was made by this court on the validity of the bank's deed as a statutory lien, or as a conveyance of title for the purpose of securing a debt. Since the sole objection to the introduction of the deed to secure debt from McKenney to the bank was without merit, the court did not err in admitting the deed in evidence, and in directing a verdict for the bank.

Other contentions of the claimant are without merit.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*