24186. CANDLER v. WILKERSON.

ARGUED JULY 10, 1967—DECIDED JULY 14, 1967.

*Roland Neeson, Elijah A. Brown,* for appellant.

*Grant, Spears & Duckworth, William G. Grant,* for appellee.

DUCKWORTH, Chief Justice. Before the approval of the amendment to *Code* § 30-209 (Ga. L. 1966, p. 160) whereby all obligations for permanent alimony for the wife would cease upon her remarriage whether created by contract or otherwise unless otherwise provided in the decree, the alimony awarded in this case would not terminate upon the death or remarriage of either party since it is for an amount certain to be paid over a period of time. The award of alimony was the result of a contract by and between the parties and attached to and made a part of the final decree which was a trust indenture whereby permanent alimony would be paid over a period of time in varied amounts until August 1, 1972, at which time the trust would terminate. To the extent that the provisions of the above law might provide for termination of alimony payments made as provided in the trust agreement it can not be applied to vested rights fixed by judgments such as this one which was rendered before the Act was passed. To do so would cause the Act to offend the constitutional inhibition against retroactive laws. In addition it would destroy the wife's interest in the trust and nullify the contract entered into by the parties in settlement of alimony. The lower court held that the agreement constituted an equitable assignment and vested in

the wife an equitable interest in the trust, hence the Act (Ga. L. 1966, p. 160) amending *Code* § 30-209 so as to provide for the duration of alimony is, insofar as it undertook to affect the obligations of a valid contract in existence at the time of its passage, and particularly to this trust agreement, null and void as violative of the State Constitution (Art. I, Sec. III, Par. II; *Code Ann.* § 2-302) and the Federal Constitution (Art. I, Sec. X, Par. I; *Code* § 1-134). With this we agree. It follows that the court did not err in dismissing the suit seeking to terminate the payments because of the remarriage of the wife.

*Judgment affirmed. All the Justices concur.*