25744. EASTLAND v. CANDLER.

Submitted April 15, 1970—Decided July 15, 1970.

*Paul R. Koehler,* for appellant.

*Westmoreland, Hall & Bryan, John L. Westmoreland, P. Joseph McGee,* for appellee.

PER CURIAM. ■ The contention that Georgia Laws 1966, p. 160, approved March 4, 1966 (*Code Ann.* § 30-209) relieved appellant from the payment of the $3,600 alimony judgment of October 3, 1963, payable April 1, 1967, is without merit. This Act provides: "All obligations for permanent alimony to the wife, whether created by contract, verdict, judgment, or decree, the time for performance of which has not yet arrived, shall cease upon her remarriage unless otherwise provided in the decree." The amount fixed was a lump sum which was not contemplated by said Act and was a fixed and vested right of the appellee though not due until after the passage of said Act. The same rationale applies here as was applied in *Candler v. Wilkerson,* 223 Ga. 520 (156 SE2d 358). The Act relied on violated the constitutional provision against retroactive laws. Alimony

in gross, or in a lump sum, is in the nature of a final property settlement, and hence in some jurisdictions is not included in the term "alimony," which in its strict or technical sense contemplates money payments at regular intervals. Parmly v. Parmly, 125 N. J. Eq. 545 (5 A2d 789); 27A CJS 1074, Divorce, § 235.

■ The contention of appellant that a judgment for additional attorney's fees as temporary alimony was void because the court did not reserve jurisdiction of the case until after the jury verdict to render such a judgment is without merit. The award of attorney's fees upon the hearing on temporary alimony stated that the amount then awarded was "as *part* of the temporary alimony the sum of $250," to be paid on or before July 1, 1964. (Emphasis supplied.) This order did not sufficiently reserve the required jurisdiction to render judgment for additional attorney's fees, but since there was no reported transcript of all the proceedings brought up on this appeal, this court cannot know whether a hearing on additional alimony was had before the verdict or not and it is presumed that there was. See *Proctor v. Proctor*, 224 Ga. 450 (162 SE2d 398). The appellant shows no error as to this enumeration of error.

■ Headnote 3 requires no further discussion.

■ The evidence authorized the finding that the appellant could have paid at least a part of the judgment against him. Under the circumstances, the finding of contempt, together with the provisions for purging, does not show error.

■ The appellant contends that it was error to provide in the contempt order that he could be confined in jail, in the event he failed to make the payments at the times provided, on the filing with the sheriff of an affidavit by the appellee showing this fact, and without a further judicial hearing on the matter.

This court will not disturb the disposition of the trial judge in allowing the husband to purge himself of contempt in failing to pay alimony unless an abuse of discretion is shown. *Smith v. Smith*, 222 Ga. 313, 314 (149 SE2d 683). The giving to the husband of additional time to purge himself is a matter of grace to him and is not a matter of which he can complain. *Roe v. Watson*, 151 Ga. 365, 366 (106 SE 907).

It was not error to order the appellant's imprisonment, on his failure to make the payments ordered, without a further judicial hearing. *Norvell v. Norvell,* 192 Ga. 1 (3) (14 SE2d 440).

*Judgment affirmed. All the Justices concur.*