## 31679. HAMILTON v. FINCH.

NICHOLS, Chief Justice.

The appellant was cited for contempt for failure to make installment payments due under a lump sum settlement agreement incorporated in the divorce decree. Pursuant to the pending divorce action between the parties, they had entered into an agreement which provided in part: "That the husband agrees to pay to the wife on the first day of each month beginning on July 1st, 1973 the sum of $150.00 for 119 consecutive months in a lump sum settlement of $17,850.00 in lieu of all rights of the wife to alimony or separate maintenance and the wife agrees to accept such lump sum settlement in lieu of all rights to alimony or separate maintenance."

The appellant contends that the payments were alimony and ceased upon the remarriage of his former wife. The trial court found it to be a property settlement, and the former husband was obligated for the full amount.

1. In the first and second enumerations of error, the appellant contends the court erred in holding him in contempt and in ordering him to make the monthly payments pursuant to the agreement. In construing the provisions of Code Ann. § 30-209 (Ga. L. 1966, p. 160), this court held in *Eastland v. Candler,* 226 Ga. 588, 589 (176 SE2d 89) (1970): "The amount fixed was a lump sum which was not contemplated by said Act and was a fixed and vested right of the appellee though not due until after the passage of said Act. The same rationale applies here as was applied in *Candler v. Wilkerson,* 223 Ga. 520 (156 SE2d 358) . . . Alimony in gross, or in a lump sum, is in the nature of a final property settlement, and hence in some jurisdictions is not included in the term 'alimony,' which in its strict or technical sense contemplates money payments at regular intervals. Parmly v. Parmly, 125 N. J. Eq. 545 (5 A2d 789); 27A CJS 1074, Divorce, § 235." See also *Morris v. Padgett,* 233 Ga. 750 (2) (213 SE2d 647) (1975) and cits. The trial court did not err in finding this agreement to be a property settlement and thereafter holding the defendant in contempt for failure to comply with its provisions.

2. The third enumeration of error contends the trial

court erred in awarding attorney fees. Attorney fees are authorized by law and the amount awarded was not excessive. Compare *Hunnicutt v. Sandison,* 223 Ga. 301 (3) (154 SE2d 587) (1967).

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 22, 1976 — DECIDED DECEMBER 1, 1976.

*Lovett, Ledbetter, Millkey & Corlew, John M. Millkey, Harold D. Corlew,* for appellant.

*Frank M. Eldridge,* for appellee.