## 42962. CLEMENTS v. CLEMENTS.
### (342 SE2d 463)

PER CURIAM.

The appellee, Mrs. Theodoria Clements, sought a divorce from the appellant, and it was heard before a jury. The jury declined to award Mrs. Clements alimony, but it awarded her child support for the support of their child, and it made an equitable division of property. Mrs. Clements was awarded a mobile home, a 1976 automobile, certain household items that she requested, and "$17,000 in cash as [her] share of the properties acquired during marriage." Mr. Clements was awarded a 1.9 acre lot, a 1973 pick-up truck, the marital residence, and the furniture not specifically requested by Mrs. Clements.

The appellant, Mr. John Clements, asserts two errors. We affirm.

1. The appellant argues that the jury exceeded its authority in awarding Mrs. Clements $17,000 in cash as an equitable division of property, as there was no evidence of any cash available from which to satisfy the award.

A jury has the power to award percentages of property to spouses or to require the parties to sell property in equitably dividing property. For example in *Stokes v. Stokes*, 246 Ga. 765, 767 (273 SE2d 169) (1980), the husband was awarded a one-fourth interest in the marital residence and the wife was awarded a three-fourths interest, and in *Hollandsworth v. Hollandsworth*, 242 Ga. 790, 791 (251 SE2d 532) (1979), the parties were required to sell their home and divide the proceeds between them. Thus, the jury could have awarded the parties a percentage of the marital property or it could have ordered them to sell certain property and divide the proceeds. Here the jury heard testimony that the appellant had built the marital residence, that it was unencumbered, and that it had a value of $34,000. They awarded the mobile home to Mrs. Clements and the house to Mr. Clements. They may have wanted Mr. Clements to be able to keep the home, but also to give Mrs. Clements a share of the value. The jury did not force the parties to sell anything but left Mr. Clements with several options. He may sell the house or other assets, or he may use the house as collateral and borrow the money to give Mrs. Clements

what the jury felt was her share of their marital property. We find no error.

2. The appellant asserts that adultery is an absolute bar to alimony, and the issue of alimony should not have been presented to the jury.

OCGA § 19-6-1 (b) provides "A party shall not be entitled to alimony if it is *established by a preponderance of the evidence that the separation between the parties was caused by that party's adultery* or desertion. . . ." (Emphasis supplied.) The statute does not provide a bar in every instance of adultery. It is a bar only when the adultery has been shown to be the cause of the separation between the parties. See *Jackson v Jackson*, 253 Ga. 576, 578 (322 SE2d 725) (1984). We find no error.

*Judgment affirmed. All the Justices concur, except Hunt, J., not participating.*

DECIDED MAY 7, 1986.

*Martin L. Fierman, S. Lee Storesund,* for appellant.
*Huskins & Huskins, Donald Huskins,* for appellee.