## S94A0033. JONES v. JONES.
### (441 SE2d 745)

FLETCHER, Justice.

We granted the discretionary appeal in this divorce action to determine the validity of that portion of the jury's verdict mandating the forfeiture of Mr. Jones' 401(k) retirement plan in the event he failed to make certain required payments. As part of its verdict, the jury awarded the marital residence and a 1991 Chevrolet Lumina to Mrs. Jones, requiring Mr. Jones to make the home equity and automobile loan payments on this real and personal property. In addition, the jury awarded Mrs. Jones alimony of $800 per month, to be increased by $200 when the home equity loan on the marital home was satisfied and by an additional $100 when the automobile awarded to Mrs. Jones was paid for in full. The verdict also provided that both parties were to retain their respective pension plans but that "no withdrawal may be made below the current $27,000 [in Mr. Jones' 401(k) plan] and if any mortgage or the car payments are missed, Margie Jones shall acquire ownership of Virgil Jones' 401(k)."

Mr. Jones objected to the verdict on the ground that the provision relating to his 401(k) plan was illegal. The court disagreed, dismissed the jury, and incorporated the special lien on his 401(k) plan into the final judgment.[1] For reasons which follow, we reverse.

In equitable actions for divorce, the jury possesses broad discretion to distribute marital property to assure that property accumulated during the marriage is fairly divided between the parties. *Clements v. Clements,* 255 Ga. 714 (342 SE2d 463) (1986) and *Stokes v. Stokes,* 246 Ga. 765 (273 SE2d 169) (1980) (jury may award whole or part interest in property to one spouse or require the parties to sell property in equitably dividing their marital assets). As in all equity actions, the jury may decree a special or equitable lien on specific property "whenever under the rules of equity the circumstances require this remedy." *Chapple v. Hight,* 161 Ga. 629, 632 (131 SE 505) (1926); *Routon v. Woodbury Banking Co.,* 209 Ga. 706, 707-708 (75 SE2d 561) (1953); see *First Nat. Bank v. Blackburn,* 254 Ga. 379 (7) (329 SE2d 897) (1985) (evidence supported imposition of a special lien in favor of wife by way of equitable division of property).

---

[1] The final judgment provides "in the event [Mr. Jones] fails to make any of the mortgage payments or automobile payments . . . then [Mrs. Jones] shall acquire ownership of [Mr. Jones'] 401k . . . ."

Here, the jury awarded the 1991 Lumina and marital home to Mrs. Jones, with Mr. Jones to pay the remaining indebtedness on this property. In addition, the jury directed that upon Mr. Jones' failure to make a home equity or automobile loan payment, the entire $27,000 in his 401(k) plan would automatically transfer to Mrs. Jones without regard to the amount of indebtedness remaining and without regard to the existence of allowable defenses. Although the jury may have been authorized by the evidence to award the entire $27,000 in the 401(k) plan to Mrs. Jones and could have created a special lien on the plan to secure payment of the mortgage and automobile loans to the extent of the remaining indebtedness as such payments became due, *Chero-Cola Co. v. May*, 169 Ga. 273 (149 SE 895) (1929), it was not authorized to provide for the automatic forfeiture of the entire $27,000 in the event he failed to make a single loan payment. By its very nature, a special lien does not provide for the transfer of possession or automatic forfeiture of the property encumbered but merely places upon the property an encumbrance so that it may be proceeded against, if necessary, in a subsequent equity action.[2] *Collier v. Bank of Tupelo*, 190 Ga. 598 (2) (10 SE2d 62) (1940); *Routon*, supra at 708.

Because the invalidation of that portion of the jury verdict related to the forfeiture of Mr. Jones' 401(k) plan works "a change in matter of substance" of the jury's allocation of marital property, the case must be remanded for a new trial. *Stone v. Stone*, 258 Ga. 716 (373 SE2d 627) (1988). Therefore, it is not necessary to address the remaining issues raised by Mr. Jones.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 11, 1994 —
RECONSIDERATION DENIED MAY 5, 1994.

*Steven Harrell*, for appellant.
*Westmoreland, Patterson & Moseley, Daryl J. Morton, J. Rox-*

---

[2] This court in *Collier* defined an equitable lien as follows:
"An equitable lien is not an estate or property in the thing itself, nor a right to recover the thing — that is, a right which may be the basis of a possessory action. . . . It is simply a right of a special nature over the thing, which constitutes a charge or *encumbrance upon the thing*, so that the very thing itself may be proceeded against in an equitable action, and either sold or sequestered under a judicial decree, and its proceeds in the one case, or its profits in the other, applied upon the demand of the party in whose favor the *lien exists*. It is the very essence of this conception, that while the *lien continues*, the possession of the thing remains with the debtor or person who holds the proprietary interest *subject to the encumbrance*." 1 Pomeroy's Equity Jurisdiction 202, § 165.
(Emphasis in original.) 190 Ga. at 601.