## S00A0977. MORROW v. MORROW.
### (532 SE2d 672)

HUNSTEIN, Justice.

Connie and Jimmy Morrow were first divorced in March 1988 shortly after the couple had begun constructing a residence on a .23-acre piece of North Carolina property given Jimmy by his family. The divorce decree awarded the property to Jimmy subject to an equitable lien which would be extinguished only when Jimmy paid in full either a $4,000 lump-sum amount of child support or a $5,000 sum to be paid in monthly installments. The parties started seeing each other shortly after the divorce and were living together within a year. Jimmy ceased paying child support around this time and it is uncontroverted the equitable lien placed on the property by the 1988 divorce decree was never extinguished. Connie provided both physical labor and financial contributions towards the construction of the residence and obtained the building permit for the structure in August 1989, at which time the exterior of the house was basically completed but little interior work had been done. The parties remarried two years after their divorce in March 1990. In 1998, Connie filed again for divorce and sought an equitable division of the North Carolina property. No evidence was introduced regarding the value of the home at the time of the remarriage. At a bench trial, the trial court found that the property was the marital residence with a fair market value of $40,000; that Jimmy was entitled to two set off credits ($2,000 to reflect the gift of the real property to Jimmy by his family and $1,022 to reimburse Jimmy for the payments he made to Connie towards satisfying the equitable lien placed on the property by the first divorce); and awarded Connie $18,989 of the remaining $37,978 value.

We granted Jimmy's discretionary application to this Court to consider whether, incident to the couples' 1999 divorce, the trial court erred in ordering the equitable division of the North Carolina

property and if so, what is the proper disposition of such property. Finding no error in the trial court's judgment, we affirm.

Jimmy contends that this case is controlled by *Moore v. Moore*, 249 Ga. 27 (287 SE2d 185) (1982). We held in that case that property awarded to one spouse after a divorce becomes that spouse's sole and separate property and remains the spouse's separate estate notwithstanding the subsequent remarriage of the parties. "[O]nly the real and personal property and assets acquired by the parties during marriage is subject to equitable property division. [Cit.]" Id. at 28 (2). While we reaffirm our holding in *Moore*, we find that case distinguishable. Here, Jimmy has acknowledged that the appreciation in value of the home during the marriage as a result of the efforts of the couple was a marital asset subject to equitable division. See *Avera v. Avera*, 268 Ga. 4 (1) (485 SE2d 731) (1997). However, there was no evidence adduced to establish the value of the house at the time of the remarriage. Contrary to Jimmy's contention, evidence estimating the cost of the completed building at $10,000 to $12,000 did not establish the value of the house at the time of the remarriage[1] since the evidence adduced clearly reflected that the house at that time was not complete, having only exterior walls and roof but not wiring or plumbing and with other interior work left to be done. Testimony and documentary evidence regarding the house as it existed at the time of the divorce establish that the home had been finished, with a covered porch, completed kitchen and bath, flooring and extensive interior woodworking.

> [I]n determining the manner in which marital property is to be equitably divided, the fact-finder is authorized to exercise its discretion after considering all the relevant factors, including each party's contribution to the acquisition and maintenance of the property (which would include monetary contributions and contributions of a spouse as a homemaker), as well as the purpose and intent of the parties regarding the ownership of the property. [Cits.]

*McArthur v. McArthur*, 256 Ga. 762, 763 (353 SE2d 486) (1987). See also *Jones v. Jones*, 264 Ga. 169 (441 SE2d 745) (1994) (factfinder possesses broad discretion to distribute marital property to assure fair division between the parties). Given the evidence of Connie's extensive contributions to the home, the current condition of the

---

[1] A building permit obtained by Connie and admitted into evidence reflected an estimated cost for the construction of the building at $10,000 to $12,000. The building inspector who conducted the inspection on the building in August 1989 testified that he did not estimate the cost for the building and that the permit was completed by a secretary in his office. The secretary did not testify at trial.

property, the absence of evidence concerning the value of the uncompleted house at the time of the remarriage, and the mere two-year gap between divorce and remarriage, the trial court could reasonably have determined that Connie's equitable share of the post-remarriage appreciated value in the marital home amounted to $18,989. Although Jimmy argues the trial court failed to credit him with the value of the house as it increased during the two years the parties were not married, we note that the court set off $1,022 of the $5,000 Jimmy owed Connie on the equitable lien and did not require Jimmy to repay Connie the remaining balance of $3,978, thereby crediting Jimmy for that amount.[2] While the trial court did not expressly recognize this sum as representing Jimmy's interest in the property prior to the parties' remarriage, reviewing all the evidence adduced in this case we cannot say that the trial court treated Jimmy inequitably in its decision regarding what constituted a fair division between the parties of the marital property. Therefore, we hold that Jimmy failed to carry his burden of proving error in the trial court's award to Connie.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 5, 2000.

*Jeb W. Chatham,* for appellant.
*David E. Ralston,* for appellee.

---

[2] Because the lump sum awarded in the first divorce was in the nature of a property award for child support, Jimmy's liability on the obligation did not cease upon the parties' remarriage. See generally *Hamilton v. Finch*, 238 Ga. 78 (230 SE2d 881) (1976) (periodic payments under lump sum agreement due after remarriage); *Wimpey v. Pope*, 246 Ga. 545 (272 SE2d 278) (1980) (father's child support obligations continue after wife's remarriage). Compare OCGA § 19-6-5 (b).