## S03F1141. WRIGHT v. WRIGHT.
### (587 SE2d 600)

CARLEY, Justice.

Linda (Wife) and Seaborn (Husband) Wright were married in 1985. It was a second marriage for both, and they had no children. Each brought assets and debts to the marriage, including Husband's house which was mortgaged. In 1991, his mother died and left her estate to him. He used his inheritance to start a family business, in which he and Wife both worked and were salaried employees. In 2000, she filed for divorce. After conducting a hearing, the trial court entered an order granting a divorce and dividing the marital property. We granted Wife's application for discretionary appeal pursuant to this Court's pilot project, pursuant to which we grant all non-frivolous applications seeking discretionary appeal from a final divorce decree.

1. Wife contends that the trial court erred in determining which portions of the property were marital and non-marital assets.

> What items of property can legally constitute a marital or non-marital asset is a question of law for the court. However, whether a particular item of property actually constitutes a marital or non-marital asset may be a question of fact for the trier of fact to determine from the evidence. [Cit.]

*Bass v. Bass*, 264 Ga. 506, 507 (448 SE2d 366) (1994). A review of the record shows that, in making the award, the trial court correctly applied the legal principle that "[o]nly property acquired as a direct result of the labor and investments of the parties during the marriage is subject to equitable division. [Cit.]" *Payson v. Payson*, 274 Ga. 231, 232 (1) (552 SE2d 839) (2001). Because Husband brought the house to the marriage, only the subsequent increase in the net equity attributable to marital contributions was a marital asset. *Hubby v.*

*Hubby,* 274 Ga. 525 (556 SE2d 127) (2001); *Thomas v. Thomas,* 259 Ga. 73, 76 (377 SE2d 666) (1989). Husband started the family business after the marriage, but used his own separate funds to do so. *Bailey v. Bailey,* 250 Ga. 15 (295 SE2d 304) (1982). Therefore, only the appreciation in the value of the business attributable either to his and Wife's individual efforts or to their joint efforts was subject to an equitable division. *Bass v. Bass,* supra.

2. Wife's primary contention is that the trial court erroneously failed to award her an appropriate share of that portion of the equity in the house and the appreciation in the business which was a marital asset. According to her, she should receive one-half of the divisible equity and appreciation. However, an equitable division of marital property does not necessarily mean an equal division. *Goldstein v. Goldstein,* 262 Ga. 136 (1) (414 SE2d 474) (1992). "The purpose behind the doctrine of equitable division of marital property is 'to assure that property accumulated during the marriage be fairly distributed between the parties.' [Cit.]" *Payson v. Payson,* supra at 232 (1). Each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein. *Byers v. Caldwell,* 273 Ga. 228, 229 (539 SE2d 141) (2000). Thus, an award is not erroneous simply because one party receives a seemingly greater share of the marital property. See *Mitchely v. Mitchely,* 237 Ga. 138, 139 (227 SE2d 34) (1976). See also *Clements v. Clements,* 255 Ga. 714 (342 SE2d 463) (1986); *Stokes v. Stokes,* 246 Ga. 765 (273 SE2d 169) (1980) (trier of fact may award whole or part interest in property to one spouse or require the parties to sell property).

3. The fact finder has broad discretion to distribute marital property to assure that it is fairly divided between the divorcing spouses. *Jones v. Jones,* 264 Ga. 169 (441 SE2d 745) (1994). In the exercise of that discretion, the fact finder should consider

> "all the relevant factors, including each party's contribution to the acquisition and maintenance of the property (which would include monetary contributions and contributions of a spouse as a homemaker), as well as the purpose and intent of the parties regarding the ownership of the property. (Cits.)"

*Morrow v. Morrow,* 272 Ga. 557, 558 (532 SE2d 672) (2000). Here, the record shows that the trial court, sitting as the trier of fact, considered all of the relevant factors and, in the exercise of its broad discretion, awarded each party what it considered to be a fair and equitable portion of the marital property.

[R]eviewing all the evidence adduced in this case we cannot

say that the trial court treated [Wife] inequitably in its decision regarding what constituted a fair division between the parties of the marital property. Therefore, we hold that [she] failed to carry [her] burden of proving error in the trial court's award to [Husband].

*Morrow v. Morrow*, supra at 559.
*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003.

*William R. Oliver*, for appellant.
*Browning & Tanksley, Thomas J. Browning*, for appellee.