## S05F1812. HARMON v. HARMON.
(622 SE2d 336)

HUNSTEIN, Presiding Justice.

Timothy Lane Harmon appeals from the order entered in his divorce from Brenda Harmon, challenging the trial court's division of the parties' marital and nonmarital property. "The purpose behind the doctrine of equitable division of marital property is 'to assure that property accumulated during the marriage be fairly distributed between the parties.' [Cit.]" *Payson v. Payson,* 274 Ga. 231, 232 (1) (552 SE2d 839) (2001). "In equitable actions for divorce, the [factfinder] possesses broad discretion to distribute marital property to assure that property accumulated during the marriage is fairly divided between the parties. [Cits.]" *Jones v. Jones,* 264 Ga. 169 (441 SE2d 745) (1994). While each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein, *Byers v. Caldwell,* 273 Ga. 228, 229 (539 SE2d 141) (2000), an award is not erroneous simply because one party receives a seemingly greater share of the marital property. See *Wright v. Wright,* 277 Ga. 133 (2) (587 SE2d 600) (2003); *Mitchely v. Mitchely,* 237 Ga. 138 (227 SE2d 34) (1976). An equitable division of marital property does not necessarily mean an equal division. *Goldstein v. Goldstein,* 262 Ga. 136 (1) (414 SE2d 474) (1992). See also *Clements v. Clements,* 255 Ga. 714 (1) (342 SE2d 463) (1986); *Stokes v. Stokes,* 246 Ga. 765 (3) (273 SE2d 169) (1980) (trier of fact may award whole or part interest in property to one spouse or require the parties to sell property). Reviewing all the evidence adduced in this case we cannot say that the trial court treated Mr. Harmon inequitably in its decision regarding what constituted a fair division between the parties of the marital property. Therefore, we hold that Mr. Harmon failed to carry his burden of proving error in the trial court's award to Ms. Harmon.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2005 —
RECONSIDERATION DENIED DECEMBER 15, 2005.

*Akin & Tate, William M. Akin,* for appellant.
*Perrotta, Cahn & Prieto, Hannibal F. Heredia,* for appellee.