## S06F1169. COOK v. COOK.
(632 SE2d 664)

THOMPSON, Justice.

We granted an application for discretionary appeal in this divorce case pursuant to this Court's Family Law Pilot Project.[1] Finding no error, we affirm the judgment entered below.

Kenneth Ray Cook, husband, and Jennifer Marie Cook, wife, were married in 2003 and separated approximately four months later. Husband filed suit for divorce and the case was tried by the court sitting without a jury. Upon conclusion of the trial, the court granted the divorce and awarded wife custody of the couple's minor son. Husband filed a motion for new trial. The motion was denied and this appeal followed.

1. Husband contends that the trial court erred by awarding wife legal and physical custody of the minor child because the evidence demonstrated he is the better parent. We disagree. This Court will not interfere with the decision of the trial court to award custody of a child to one fit and proper parent over another, unless the trial court abused its broad discretion. *Urquhart v. Urquhart*, 272 Ga. 548 (1) (533 SE2d 80) (2000). It is not an abuse of discretion if there is any evidence to support the trial judge's decision of which party shall have custody. Id.; *Atkinson v. Atkinson*, 160 Ga. 480 (1) (128 SE 765) (1925). In this case, the evidence concerning the fitness of the parties was not altogether one-sided. There was evidence that husband was a good parent, but there was evidence that wife was a fit parent, too. It was not error for the trial judge to resolve conflicts in the evidence and award custody of the child to wife. Furthermore, the trial judge, while required to consider joint custody between fit and equally capable parents, was not required to award joint custody. *Baldwin v. Baldwin*, 265 Ga. 465, 465 (458 SE2d 126) (1995). In this case, the trial judge considered joint custody, but did not award it due to the parties' lack of communication.

2. Husband contends that the trial court erred in not ruling on his application for contempt. However, this Court is empaneled to review rulings by lower courts and will not address issues not ruled upon below. *Ballard v. Waites*, 194 Ga. 427, 430 (5) (21 SE2d 848) (1942); *Mitchell v. Mitchell*, 184 Ga. App. 903, 908 (5) (363 SE2d 159) (1987).

3. Husband contends that the trial court erred in considering the guardian ad litem's report because the report was never introduced into evidence. However, the parties referenced and discussed the

---

[1] Under the pilot project, this Court will grant a non-frivolous discretionary application seeking review of a final decree of divorce. *Maddox v. Maddox*, 278 Ga. 606 (604 SE2d 784) (2004).

report at a pretrial conference and during argument, and husband did not make a timely objection to the consideration of it below. *Bolden v. Carroll*, 239 Ga. 188, 189 (1) (236 SE2d 270) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2006.

*Brown & Romeo, Robert T. Romeo*, for appellant.
*Shepherd, Johnston & Owen, Lance N. Owen*, for appellee.