## S07F0611. MESSAADI v. MESSAADI.
### (646 SE2d 230)

CARLEY, Justice.

Rachid Messaadi (Husband) instituted a divorce action, and Judy C. Messaadi (Wife) answered and counterclaimed. After a bench trial, the trial court entered a final divorce decree, awarding custody of the parties' three minor children to Wife and resolving several other issues, including child support, visitation, and division of property. Husband applied for discretionary appeal, which we granted pursuant to our Pilot Project in divorce cases.

1. Husband contends that, in dividing the property, the trial court abused its discretion by refusing to award any portion of the parties' marital residence to him, and failed to make any ruling regarding the division of either the 1.5 acre tract of unimproved land adjoining the residence or $70,000 cash received by Wife prior to the separation.

As to the unimproved land, Husband asserts that the effect of the trial court's failure to address that property was to award 100% of it to Wife. Wife responds that no ruling was necessary, as the land was her pre-marital asset, and was part and parcel of the marital residence which was awarded to her. Both parties testified that the land was deeded separately from and subsequent to the conveyance of the residence and that title was placed in both of their names. The undisputed evidence also showed that the address of the marital residence was different from that of the unimproved land. The trial court's only award of real property reads as follows: "The marital residence located at 368 Chastain Drive, Dallas, Georgia, is hereby

awarded to [Wife] as property division. [Husband] shall sign a quitclaim deed transferring his interest in said real property immediately."

> It has long been the rule that title to property not described in a verdict or judgment is unaffected by the decree and remains titled in the name of the owners as before the decree was entered. [Cits.] The rule of law . . . is clear [that] . . . a divorce decree must specifically describe and dispose of property in which both parties have an interest or the decree will not divest either party of their interest in the property. This is true although title to [other] property . . . is adjudicated, [cit.], and although one party[, like Wife here,] claims after the fact that certain real property not specifically described in the decree was meant to be included in the disposition of property. Because the property at issue was not specifically described in . . . the divorce decree, title to the property was unaffected by the decree and remained titled in the names of both [parties]. . . .

*Newborn v. Clay*, 263 Ga. 622, 623-624 (436 SE2d 654) (1993). "Accordingly, the omission from the judgment of an explicit award of [an interest in] the property to [Husband] is not reversible error. [Cit.]" *Russ v. Russ*, 272 Ga. 438, 440 (3) (530 SE2d 469) (2000).

Husband argues that, because the marital residence, along with the assets which the trial court did not address, constituted the major portion of the marital property, the trial court's division did not achieve even a rough parity. "However, an equitable division of marital property does not necessarily mean an equal division. [Cit.]" *Wright v. Wright*, 277 Ga. 133, 134 (2) (587 SE2d 600) (2003).

> While each spouse is entitled to an allocation of the marital property based upon his or her respective equitable interest therein, [cit.], an award is not erroneous simply because one party receives a seemingly greater share of the marital property. [Cits.]

*Harmon v. Harmon*, 280 Ga. 118 (622 SE2d 336) (2005). Although Husband also attacks Wife's credibility, " 'this Court properly gives due deference to the opportunity of the trial court to judge the credibility of the witnesses. (Cit.)' [Cit.]" *Frazier v. Frazier*, 280 Ga. 687, 690 (4) (631 SE2d 666) (2006).

Husband further complains of the absence of findings of fact by the trial court.

In a bench trial, the court sits as the finder of fact and, as such, is charged with the responsibility of determining whether and to what extent a particular item is a marital or non-marital asset and then exercising its discretion and dividing the marital property equitably. The final judgment and decree of divorce entered in the case at bar contains the results of that process but[, except with respect to the award of child support,] does not contain any findings of fact that clarify the rationale used by the trial court to reach its result. [Cits.] However, a superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to the entry of the written judgment ([cits.]), and neither party asked the trial court to make findings of fact. Inasmuch as the issues on appeal depend upon the factual determinations made by the trial court as factfinder and neither party asked the trial court to make factual findings, we are unable to conclude that the trial court's equitable distribution of marital property was improper as a matter of law or as a matter of fact.

*Crowder v. Crowder*, 281 Ga. 656, 658-659 (642 SE2d 97) (2007). Husband's contention regarding the $70,000 cash exemplifies the effect of his failure to request findings of fact. There was conflicting testimony as to who retained the cash. Thus, the trial court may have found that Husband took it, and, as Wife requested, may have utilized that finding as one equitable consideration in awarding the entire marital residence to Wife. The judgment does not show otherwise. Thus, we cannot conclude that the trial court made an erroneous finding or improperly applied the law to its finding. Moreover, there was not any evidence regarding the current location or existence of the cash. "Because the record does not show the trial court's conclusions reflected in its distribution of marital property were clearly erroneous, we will not disturb them. [Cit.]" *Frazier v. Frazier*, supra. Husband "failed to carry his burden of proving error in the trial court's award to [Wife]." *Harmon v. Harmon*, supra.

2. Husband further contends that, particularly in light of the alleged errors regarding division of property, the trial court abused its discretion in setting child support at 30% of his earnings, without any explanation for setting it higher than the middle of the applicable statutory percentage in the child support guidelines, and in additionally requiring him to provide health insurance for the children.

The revised child support guidelines in current OCGA § 19-6-15 do not apply, as this case was tried and judgment was entered prior to January 1, 2007, the effective date of the revision. Under former

OCGA § 19-6-15 (b) (5), the applicable percentage range which the trier of fact was required to consider was 25 to 32 percent.

> Application of the guidelines creates a rebuttable presumption that the amount of support calculated within the correct percentages . . . is the correct amount of support, [former] OCGA § 19-6-15 (b) (5), and deviation from the percentages requires a written finding of special circumstances. [Former OCGA § 19-6-15] (c).

*Franz v. Franz*, 268 Ga. 465 (1) (490 SE2d 377) (1997). The trial court clearly applied a correct percentage and did not find any special circumstances. Furthermore, the trial court was not required either to reduce the award of child support due to health insurance premiums or to eliminate the insurance requirement. Former OCGA § 19-6-15 (c). Compare current OCGA § 19-6-15 (h) (2); *Ehlers v. Ehlers*, 264 Ga. 668, 670 (2) (449 SE2d 840) (1994) (trial court permitted to consider health insurance premiums as a special circumstance).

> "In the absence of any mathematical formula, (fact-finders) are given a wide latitude in fixing the amount of . . . child support, and to this end they are to use their experience as enlightened persons in judging the amount necessary for support 'under the evidence as disclosed by the record and all the facts and circumstances of the case.'. . . (Cits.)" [Cit.] A full review of the record shows no abuse of discretion in the award of child support. . . . [Cits.]

*Farrish v. Farrish*, 279 Ga. 551, 552 (615 SE2d 510) (2005).

3. Husband urges that the trial court erroneously failed to rule on his request that a previously entered permanent protective order be modified. "However, this Court is empaneled to review rulings by lower courts and will not address issues not ruled upon below. [Cits.]" *Cook v. Cook*, 280 Ga. 768 (2) (632 SE2d 664) (2006).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007.

*Jana L. Evans*, for appellant.
*Perrotta, Cahn & Prieto, Anthony N. Perrotta*, for appellee.