S07F0917. HAMMOND v. HAMMOND.
(651 SE2d 95)

MELTON, Justice.

Following a bench trial, the trial court entered a judgment and final decree of divorce for Zachary Lamar Hammond (Husband) and Sandra S. Hammond (Wife) on September 15, 2006. Pursuant to this Court's Pilot Project, see *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003), Wife now appeals, contending, among other things, that the trial court erred in its calculation of her child support obligations. For the reasons set forth below, we affirm in part and reverse in part.

1. Wife contends that the trial court erred by awarding custody of the parties' two minor children to Husband. While focusing on the best interests of the child, a trial court has broad discretion in decisions awarding custody, and this Court will not interfere with any such decision absent a clear abuse of discretion. *Urquhart v. Urquhart*, 272 Ga. 548 (1) (533 SE2d 80) (2000). Furthermore, "[i]t is not an abuse of discretion if there is any evidence to support the trial judge's decision of which party shall have custody." (Citations omitted.) *Cook v. Cook*, 280 Ga. 768 (1) (632 SE2d 664) (2006).

In this case, the trial court initially found that, due to working a late shift, Husband was not spending enough time with the children. Nevertheless, the trial court gave custody to Husband, at least in part to prevent disruption of the children's schooling by requiring them to transfer from Husband's school district to Wife's school district. The record also shows that, although Husband was often working, Husband's mother and grandmother assisted with the care of the children and that the children were relatively well-adjusted. Given this evidence, it can neither be said that the trial court's decision in this case was wholly unsupported or that the trial court abused its discretion in awarding custody to Husband. *Urquhart*, supra, 272 Ga. at 550 (1). Although Wife points to evidence in the record favorable to a finding that she should have been given custody of the children, including the recommendation of the guardian ad litem, the result in this case does not change. There was some evidence supporting the grant of custody to Husband, and, as such, the trial court's determination in this regard must stand. *Cook*, supra, 280 Ga. at 768 (1).

2. Wife contends that the trial court erred in its calculation of Husband's gross income as $3,604.43 per month. Specifically, Wife argues that the trial court failed to include significant overtime pay received by Husband in calculating this figure. During trial, however, Husband testified that, although he had been able to earn large amounts of overtime in the past, his company had reorganized, making overtime largely unavailable. Wife now argues that this testimony was not credible and that Husband's income should have reflected the continued ability to receive substantial overtime. This Court, however, cannot re-weigh the facts or assess the credibility of witnesses. These tasks are reserved for the trier of fact. See *Southerland v. Southerland*, 278 Ga. 188 (1) (598 SE2d 442) (2004).

3. Wife argues that the trial court incorrectly calculated the amount of her gross income and, concomitantly, her child support obligation. The trial court determined that Wife's gross income equals $1,316.83 per month. This total, however, included monthly child support in the amount of $240 that Wife received as a result of a previous marriage. The former version of OCGA § 19-6-15 (b) (2) applicable in this case states: "gross income shall include 100 percent of wage and salary income and other compensation for personal services, interest, dividends, net rental income, self-employment income, and all other income, except need-based public assistance." Child support payments received by a parent for the benefit of a child of another relationship, however, should not be included in gross income. Such payments do not improve the financial position of the parent, but instead provide support for a child. Moreover, if child support payments of this type were included in a parent's gross income, the result would be that a child of another relationship would

be forced to suffer in favor of the child of a present relationship. Therefore, because Wife's child support payments from a previous relationship were improperly used in arriving at her gross income in this case, we must reverse the trial court's determination of both Wife's gross income and her child support obligation and remand this case in order for the trial court to recalculate these sums. We note that this holding is consistent with newly-enacted OCGA § 19-6-15 (f) (2) (A), effective January 1, 2007, which excludes from gross income "[c]hild support payments received by either parent for the benefit of a child of another relationship."

4. Wife contends that the trial court did not equitably divide the parties' property because it erred in its determination of what property was marital and what property was non-marital.

> In a bench trial, the court sits as the finder of fact and, as such, is charged with the responsibility of determining whether and to what extent a particular item is a marital or non-marital asset and then exercising its discretion and dividing the marital property equitably. The final judgment and decree of divorce entered in the case at bar contains the results of that process but[, except with regard to the award of the parties' home and the award of child support,] does not contain any findings of fact that clarify the rationale used by the trial court to reach its result. [Cits.] However, a superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to the entry of the written judgment ([cits.]), and neither party asked the trial court to make findings of fact. Inasmuch as the issues on appeal depend upon the factual determinations made by the trial court as fact-finder and neither party asked the trial court to make factual findings, we are unable to conclude that the trial court's equitable distribution of marital property was improper as a matter of law or as a matter of fact.

*Crowder v. Crowder*, 281 Ga. 656, 658-659 (642 SE2d 97) (2007). Therefore, we cannot say that the trial court erred in equitably dividing the marital property of the parties.

5. Wife argues that the trial court erred by failing to grant her request for attorney fees. We find no abuse of the trial court's discretion in this regard. See OCGA § 19-6-2 (a) (1); *Stanley v. Stanley*, 281 Ga. 672 (4) (642 SE2d 94) (2007).

*Judgment affirmed in part, reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Celeste F. Brewer*, for appellant.
*Timothy N. Shepherd*, for appellee.