S08F1706. SMITH v. SMITH.

(671 SE2d 835)

SEARS, Chief Justice.

Henry Grady Smith, Jr., and Felita Marshell Smith have been married to each other twice. They first married in 1979 and divorced in California in 1988. They remarried in 1999 and divorced again in Georgia on February 18, 2008. At the hearing on the complaint for divorce, Mr. Smith was represented by counsel, and Ms. Smith

appeared pro se. The parties' two children were grown, and the trial court found that awarding alimony to either party would impose an undue hardship on the other. The point of contention is the trial court's division of marital property.

The trial court awarded the marital home and furnishings, a timeshare, a car, and $1,300 of Ms. Smith's 401(k) account to Mr. Smith. The trial court awarded Ms. Smith one-third of Mr. Smith's 401(k) account balance and $275 per month from his military retirement pay but no interest in his military disability benefits. Mr. Smith appeals, arguing that since the record shows that the parties were divorced in 1988, he retired in 1995, and they did not remarry until 1999, his military retirement pay was not marital property from the second marriage and thus was not subject to equitable distribution. Ms. Smith, representing herself on appeal as she did in the trial court, filed a one-page response pleading with the Court not to reverse the trial court's judgment.

When all contributions to a military retirement account pre-date a marriage, "the funds in that account remain an element of [the contributing spouse's] separate property, and are not subject to being equitably divided."[1] Moreover, marital property awarded to a spouse on divorce becomes the spouse's sole and separate property and remains the spouse's separate property "notwithstanding the subsequent remarriage of the parties."[2] There is no indication in the record that Ms. Smith was awarded any interest in Mr. Smith's military retirement account following their divorce in California in 1988. In addition, it is undisputed that no contributions were made to the military retirement account during the parties' second marriage. Accordingly, the trial court erred in awarding any part of Mr. Smith's military retirement pay to Ms. Smith.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 12, 2009.

*Faith E. Shoemaker-Shiffert*, for appellant.
Felita M. Smith, *pro se.*

---

[1] *Hipps v. Hipps*, 278 Ga. 49, 49 (597 SE2d 359) (2004).
[2] *Morrow v. Morrow*, 272 Ga. 557, 558 (532 SE2d 672) (2000) (reaffirming *Moore v. Moore*, 249 Ga. 27, 28 (287 SE2d 185) (1982)).