## 30754. PIPPINGER v. PIPPINGER.

JORDAN, Justice.

This appeal by the wife in a divorce action pertains to the issue of alimony.

The jury awarded the wife $125 per month until the youngest child reaches 18; the station wagon; the household furnishings; and the use of the home until the youngest child reaches 18, at which time the property will be sold and the net proceeds divided equally between the parties. The husband was required to pay the house payments, insurance, and taxes. He was required to pay $150 per month per child for the two minor children, and to pay their medical and dental expenses, until they reach majority; and to pay their school expenses while attending Monroe Academy.

1. The first enumerated error is that the court permitted the husband's witness, Mr. Moore, a certified public accountant, to testify as to how a bank would look upon the ratio of current assets to current liabilities for the purposes of lending money or calling a note of the corporation in which the husband owned stock and from which he drew a salary.

Objection had been made to a question to this witness concerning the assets and liabilities of the corporation because no proper foundation had been laid for making comparisons. The witness was then asked questions to determine the basis for his opinion as an expert witness. When the testimony complained of in this enumerated error was later elicited, no further objection was made, and the alleged error in its admission cannot be considered.

2. Enumerated errors 2 through 9 assert that the court erred in refusing to allow the wife's witness, Mr. Sasser, a certified public accountant, to answer stated questions.

Mr. Sasser was asked whether he could estimate what the husband's deductions for Federal income tax would be on his next return. There was no error in refusing to allow the witness to make this estimate, which would be based on future facts that he could not know.

It is contended that it was error to refuse to allow Mr.

Sasser to state the Federal income tax consequences of an award of alimony to the wife. The judge did not sustain the objection to this question but allowed the witness to state the Federal income tax consequence to the husband and wife of an award of alimony under present laws.

Error is assigned on the refusal to allow Mr. Sasser to answer a question concerning the effect on the husband's Federal income tax liability if he contributed more than $1,200 for the support of his children, and to state whether child support payments would be deductible on his income tax return.

The witness was allowed to inform the jury of the circumstances under which the husband could claim the children as a deduction under present Federal income tax laws. The wife was not harmed by the failure to allow the witness to respond to the questions stated.

Mr. Sasser was not permitted to give the following testimony: to estimate what the husband's Federal income tax would be for the return to be filed the following year; to state what the social security payments would be for a man earning a stated amount in the year in which the trial was held; and to state what the wife's Federal income tax would be if the jury awarded a certain amount as alimony.

All of these questions called for speculative answers, and it was not error to refuse to allow the witness to answer them.

3. Enumerated error 10 asserts that the court erred in instructing the jury on the husband's duty to support his wife "unless the wife has forfeited the claim she has on the husband for support by her misconduct." No exception was made to this charge.

There was no evidence of misconduct of the wife which would bar alimony, but it is apparent that the wife was not harmed by this charge, since the jury granted the divorce to her, and awarded her alimony. No reversible error is shown.

4. Enumerated error 11 asserts that the court erred in refusing to give a requested charge on the factors to be considered in awarding the wife alimony. The judge's charge was sufficient to inform the jury of the circumstances to be considered, and it was not error to

refuse to charge in the exact language requested.

5. Enumerated error 12 asserts that the court erred in refusing to charge the jury, as requested, as follows: "I further charge you that if you find that the husband intends to remarry another woman, his first obligation is to his family of this marriage and not to another."

The trial judge properly refused to inject into this trial any consideration of the possible further remarriage of the husband.

6. Enumerated errors 13 and 14 contend that the court erred in refusing to give requested charges to the jury pertaining to Federal Income tax laws which would be applied to awards of alimony and child support.

The charges requested were inadequate to state the complex Federal tax laws governing tax liability and deductions applicable to different alimony awards the jury might make. The charges were based on tax laws at the time of the trial, which might not be in effect when future payments would be made. The trial judge did not err in refusing to give the requested charges.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 9, 1976 — DECIDED
APRIL 6, 1976.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Kice H. Stone,* for appellant.

*James, Shipp & Wilcox, John E. James, Tommy Day Wilcox,* for appellee.