S94A1828. SIMMONS v. SIMMONS.
(453 SE2d 696)

BENHAM, Presiding Justice.

Ten months after the parties were married, appellee Daryl Simmons filed an action for divorce in which he sought custody of the couples' two minor children. The trial court appointed a guardian ad litem pursuant to OCGA § 29-4-7 to represent the best interests of the minor children and to assist the court in reaching a decision as to which party should be awarded custody of the children. The guardian

---

was ordered to file her report and recommendation with the court by February 15, 1994. The record reflects that the report, ordered sealed by the trial court, was filed on March 4, 1994. Thereafter, the trial court entered a final order awarding custody of the children to Mr. Simmons and ordering Mrs. Simmons to pay $400 per month child support. We granted Mrs. Simmons' application for discretionary review of that decision.

The focus of this appeal is not the content of the final order, but the procedure which preceded its entry. The final custody order recites that it was issued after a four-day trial. The transcript of that trial begins with the trial court's announcement that the hearing's purpose was to settle any and all matters regarding child custody. Mrs. Simmons' counsel immediately expressed his understanding that the purpose of the 8:00 a.m. hearing was to discuss his motion for a copy of the guardian ad litem's written report. The discussion of the matter revealed the following:

The transcript reflects that the hearing was scheduled telephonically by the trial court's law clerk who had been instructed by the trial court to inform the parties that the matter was "on the calendar for final resolution or determination as to the custody issue." Mr. Simmons' counsel stated that, after the initial communication from the judge's office, he inquired further whether clients and witnesses were expected to be present. He was told by the law clerk and the guardian ad litem that a "full blown trial" was going to take place. The record does not reflect that Mrs. Simmons' counsel was ever provided with the information Mr. Simmons' counsel received in response to his inquiry. The paralegal in the office of Mrs. Simmons' counsel who took the scheduling call from the law clerk stated that she was informed that the hearing was on the issue of the guardian ad litem's report and that her office was responsible for providing a court reporter for the early morning hearing. The trial court acknowledged there had been "miscommunication," gave a copy of the guardian's report to Mrs. Simmons' counsel, and recessed court for 30 minutes to allow him to read the report. A motion for continuance was denied.

> All applications for continuances are addressed to the sound legal discretion of the court and, if not expressly provided for, shall be granted or refused as the ends of justice may require.

OCGA § 9-10-167 (a). The exercise of that discretion will not be disturbed by the appellate courts unless the discretion is manifestly abused. *Turner v. City of Nashville*, 177 Ga. App. 649 (2) (340 SE2d 619) (1986). Our review of this case leads to the inexorable conclusion that the trial court abused its discretion in failing to grant Mrs. Sim-

mons' motion for continuance. The trial court acknowledged there had been miscommunication about the scope of the February 28 hearing, and the party which came prepared for trial did so after having made inquiry about the necessity of the presence of clients and witnesses. Mrs. Simmons' counsel, an experienced divorce attorney, was never made aware of the need to have his client and witnesses in attendance. When a matter as critical as the permanent custody of children is at issue, the better practice is to issue written notification of the hearing and its scope so that all parties are fully and equally informed of the nature of the hearing. Because the notification process used here was flawed and the trial court was aware of the miscommunication, the denial of Mrs. Simmons' motion for continuance was error.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 20, 1995 —
RECONSIDERATION DENIED MARCH 17, 1995.

*Clifford, Moss & Rothenberg, J. Stephen Clifford,* for appellant.
*Stern & Edlin, George S. Stern, Shiel G. Edlin, Janis Y. Dickman,* for appellee.
*Pamela L. Tremayne,* amicus curiae.