## A97A2253. TOLES v. G & K SERVICES, INC.
(496 SE2d 550)

JOHNSON, Judge.

This case arises from the trial court's entry of default judgment against Alvin Toles as a sanction for his failure to comply with the court's orders to pay attorney fees to G & K Services, Inc. ("G & K") incurred in bringing a motion to compel discovery. We affirm the trial court's judgment.

In July 1993, G & K sued Toles alleging that he improperly terminated a service agreement with G & K. In October 1993, G & K served Toles with its first request for production of documents and interrogatories. In March 1994, G & K served upon Toles a notice to appear for a deposition. Toles responded to the interrogatories and request for production, but objected to nearly all of the questions posed in the interrogatories and several of the requests for documents. He also failed to appear for the noticed deposition or any other deposition. In April 1994, G & K sent Toles a letter demanding more complete responses to the interrogatories and request for production of documents. Toles did not respond.

In July 1994, G & K filed a motion to compel discovery. In opposition to the motion, Toles did not deny that the responses to the interrogatories or request for production were incomplete or offer an explanation for their incompleteness. Instead, he argued that, as to the deposition at least, G & K failed to promptly commence, diligently pursue or complete discovery. After a hearing, the trial court granted G & K's motion and ordered Toles to provide complete responses to the discovery requests by October 1994 and to appear for his deposition. The court also ordered Toles to pay attorney fees in connection with the motion to compel.

In September 1995, after nearly a year passed without Toles paying any attorney fees, G & K filed a motion for contempt. The trial court held a hearing and, in January 1996, found Toles to be in wilful civil contempt and ordered payment of a fine in addition to the attorney fees previously awarded.

Toles still had not paid any attorney fees or the fine by March 1997. G & K then moved for Toles to be held in contempt, for his pleadings to be stricken, and for entry of default judgment. Finding that Toles had wilfully failed to comply with the court's orders, the trial court found him in contempt, struck his pleadings, and entered default judgment against him. Toles appeals.

1. Toles claims the trial court erred in its 1994 order granting G & K's motion to compel discovery and awarding G & K attorney fees for bringing the motion when discovery had not been completed within six months and there was no order extending the discovery

period. See Uniform Superior Court Rule 5.1.[1] Toles bases his argument on the fact that G & K mailed its deposition notice to him only two days before the six-month discovery period expired and set the deposition for a date two weeks beyond that period. Therefore, he argues, the trial court was not authorized to compel him to appear for a deposition.

First, Toles fails to mention in his brief that only part of the motion to compel involved the deposition. G & K also sought to compel responses to interrogatories and a request for production of documents served in October 1993, well within the six-month period. In the trial court's order, the court specifically referred to Toles' repeated failure to respond adequately to the interrogatories and request for production of documents, as well as his failure to appear for a deposition despite it being rescheduled numerous times at his request. The court ordered full responses to discovery requests as well as the taking of depositions. There was evidence to support the trial court's finding that G & K promptly commenced and diligently pursued discovery within six months after the answer was filed.

Second, discovery need not be completed within six months, just promptly and diligently pursued by the moving party within that time period, as was done in this case. See *Fisher v. Bd. of Commissioners &c.*, 200 Ga. App. 353 (1) (408 SE2d 120) (1991). The trial court did not abuse the broad discretion given it under the discovery provisions of the Civil Practice Act. See generally *Potter v. American Medcare Corp.*, 225 Ga. App. 343, 346 (484 SE2d 43) (1997).

Finally, where a motion to compel is granted, the party whose conduct caused the motion to be filed shall be required to pay attorney fees incurred by the movant in obtaining the order. OCGA § 9-11-37 (a) (4) (A). We find no error.

2. Toles contends that the trial court erred in granting G & K's 1997 motion for contempt, striking his pleadings and entering default judgment against him without giving him the opportunity for a hearing. We disagree.

"[A] defendant's wilful failure to comply with an order requiring the payment of attorney's fees as reimbursement for the expenses incurred by the plaintiff in obtaining a discovery order has been held to authorize the [entry of default judgment]. [Cit.]" *Serwitz v. Gen. Elec. Credit Corp.*, 184 Ga. App. 632, 633 (362 SE2d 439) (1987). The trial court is not required to hold a hearing on the issue of wilfulness in every case. " 'Such a requirement serves no purpose where the trial court(, as here,) can otherwise determine wilfulness on the part

---

[1] We note that the 1994 order is appealable here despite the significant time lapse. See OCGA § 5-6-34 (d). See generally *Orkin Exterminating Co. v. McIntosh*, 215 Ga. App. 587, 588 (452 SE2d 159) (1994).

of the party against whom the sanctions are sought.' [Cit.]" *Champion Mgmt. Assn. v. McGahee*, 227 Ga. App. 895, 896 (1) (490 SE2d 215) (1997). Here, Toles had more than two years to comply with the court's orders to pay fees, yet failed to do so and failed to show justification or circumstances making the award unjust. See OCGA § 9-11-37 (b) (2). In addition, the trial court did hold a hearing on the first motion for contempt. The first contempt motion, like the final one, involved Toles' failure to pay attorney fees as ordered. According to the trial court's order on that motion, the only justification Toles offered at the hearing for not paying was that the prior order was not a final judgment. However, the obstinate party cannot wait until final judgment to pay attorney fees awarded pursuant to OCGA § 9-11-37 (b) (2) (D). See *Orkin Exterminating*, supra at 588 (1). Toles had an opportunity to present any legal justification or explanation at the prior contempt hearing, and he failed to convince the trial court at that time. See *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 183 (402 SE2d 723) (1991). As the Supreme Court pointed out in *Schrembs*, " '[t]he interminable discovery procedures which bog down final resolution . . . would be exacerbated without justification if further hearing were required in these circumstances.' [Cit.]" Id.

3. Toles claims the trial court violated Uniform Superior Court Rule 6.3 by entering judgment against him without allowing him the opportunity for oral argument. Rule 6.3, however, provides that unless otherwise ordered by the court, all motions in civil actions shall be decided *without* oral hearing, except motions for new trial and for judgment n.o.v. While the rule does allow oral argument upon written request on motions for summary judgment, the judgment entered in this case was not summary judgment, but default judgment. Rule 6.3 does not require an oral hearing on such motions. This enumeration is therefore without merit.

4. Toles argues the trial court erred in not realizing that his pleading entitled "Defendant's Brief on the Issue of Summary Judgment as to the Issue of the Penalty Provision in the Contract" was intended to be a motion for summary judgment and in ruling it was moot. Even assuming the trial court erred in not construing the pleading entitled "Brief" as a motion, this enumeration is without merit. The trial court struck Toles' pleadings as a sanction for his repeated failure to comply with its orders, as it was authorized to do. It was therefore unnecessary for the court to address the issues raised in the pleading.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 4, 1998.

*Rita T. Williams*, for appellant.
*Johnson, Matte & Hobgood, Thomas T. Hobgood, Margaret E. Sanders*, for appellee.