A02A1215. SCHANER et al. v. STERLING FACTORS, INC.
(572 SE2d 14)

ELDRIDGE, Judge.

Through a tortuous procedural history, the instant case comes to us on appeal from the Superior Court of DeKalb County's order awarding damages to Sterling Factors, Inc. ("Sterling") on its claim of fraud against Ed Schaner and Michael Whelan ("appellants"), which award arose in connection with a previous order of the superior court wherein the court struck appellants' answer because of a wilful failure to comply with discovery; the court then entered a default judgment on Sterling's fraud claim. The facts are as follows.

In January 1996, Sterling filed in the Superior Court of DeKalb County an original complaint against the appellants' corporations, Equity Recovery Services, Inc. and Remedial Labor Solutions, Inc.; also named as defendants were Craftmasters, Inc. and its president Jeffery Teague, along with R. A. Scott Contractors, Inc. and its president Randall Scott. The complaint asserted five causes of action aris-

---

[1] *Bank South v. Zweig*, 217 Ga. App. 77, 79 (2) (456 SE2d 257) (1995).

ing out of the financing of a construction project. Answers were filed and discovery commenced. Default judgments were subsequently entered against Craftmasters, Inc., Teague, R. A. Scott Contractors, Inc., and Randall Scott as a result of each defendant's wilful failure to respond to discovery.

On March 27, 1997, Sterling amended its complaint to add two additional counts of fraud, seeking recovery against Schaner and Whelan, individually. The appellants answered the complaint. Sterling moved to reopen discovery, which request was granted on July 3, 1997. The appellants, who are represented by the same counsel, were then served with interrogatories and requests for production of documents. No response was made to discovery within the requisite period. Counsel for both parties agreed to extend the discovery period for an additional 60 days, until October 30, 1997, and a consent order to that effect was signed by the trial court on August 29, 1997. No response was made to discovery within the 60 days. In addition, appellants made no attempt to reply to Sterling's telephone calls made with regard to compliance with discovery requests. On October 8, 1997, Sterling sent the appellants a letter requesting some response by October 11, 1997. No response was made.

On October 22, 1997, Sterling filed a motion to compel and/or to strike appellants' answer and enter default judgment for an intentional failure to comply with discovery requests. The appellants did not respond to Sterling's motion to strike. The appellants did not request a hearing on the issue.[1]

On December 11, 1997, the trial court entered an order granting Sterling's motion to strike, finding "Appellants Ed Schaner and Michael Whelan willfully refused to answer the Interrogatories and Request for Production of Documents." The trial court signaled its intent that "default shall be entered against these Appellants in amounts to be determined by affidavit submitted by Plaintiff [Sterling]." No response to such order was ever filed.

On December 19, 1997, the appellants filed a direct appeal to this Court with regard to the trial court's December 11 order granting Sterling's motion to strike. Because the order was not a final judgment, the interlocutory appeal procedures were required.[2] Appellants' failure to follow such procedures resulted in the dismissal of their appeal.

---

[1] Notably, the record indicates that the other named defendants filed responsive pleadings to Sterling's motion to compel and/or impose sanctions for discovery violations, and a hearing was held with regard to the issues raised by the pleadings. By failing to file responsive pleadings, appellants raised no issue with regard to Sterling's claims of discovery violations.

[2] OCGA § 5-6-34 (b).

Thereafter, on July 9, 1998, Sterling submitted an affidavit and accompanying exhibit showing damages in the amount of $717,877.81 and attorney fees in the amount of $30,366.50. On that same day, the trial court issued a default judgment against the appellants on Sterling's claim of fraud under Count 4 of its complaint, as well as under Counts 6 and 7.[3] The court ordered recovery in the amount of $748,244.31, "said sum representing damages for Appellants' fraud and for Plaintiff's attorneys' fees," along with post-judgment interest as provided by law. The appellants did not file a motion to open default judgment. The appellants did not take an appeal from this judgment.

In mid-August 1998, counsel for the appellants filed individual petitions for Chapter 7 bankruptcy on their behalf. Sterling filed complaints with the bankruptcy court, seeking to except its debt from discharge because the debt was incurred by the appellants as a result of fraud.[4] On March 10, 1999, Sterling moved for summary judgment on its complaints, contending that the superior court's default judgment as to the issue of fraud must be given a preclusive effect in the determination of dischargeability, and so Sterling was entitled to summary judgment as a matter of law under 11 USC § 523 (a) (2).

Before addressing the merits of such motion, the bankruptcy court determined that questions had been raised regarding the facts leading to the entry of the default judgment and held a hearing addressing those matters.[5] Relying on its own factual findings pursuant to evidence apparently adduced at the hearing, the bankruptcy court denied Sterling's summary judgment motion on, inter alia, the grounds that the superior court erred in striking appellants' answer based on a wilful violation of discovery, and thus, entry of default judgment was improper. Contrary to the order of the DeKalb County Superior Court, the bankruptcy court determined that the appellants' failure to respond to discovery had not been wilful: "the facts leading to the default judgment in the DeKalb County litigation do not reflect a deliberate abuse of the judicial process by appellants Whelan and Schaner."[6] Accordingly, the bankruptcy court refused to give a preclusive effect to the superior court's default judgment

---

[3] Count 4 of Sterling's amended complaint stated a cause of action for fraud against the appellants. Counts 6 and 7 alleged that damages for fraud could be sought against the appellants in their individual capacities by piercing the corporate veil of the two corporation defendants in which the appellants were officers and shareholders.

[4] See 11 USC § 523 (a) (2) (excepting from discharge those debts obtained by false pretenses, false representation, or actual fraud).

[5] A transcript of such hearing was not made a part of the record in this case.

[6] (Citation and punctuation omitted.) *Sterling Factors v. Whelan*, 245 BR 698, 712 (N.D. Ga. 2000) (single opinion issued in *Sterling Factors v. Schaner*, 1:99-cv-1961, and *Sterling Factors v. Whelan*, 1:99-cv-1962).

entered on Sterling's fraud claim, thereby leaving appellants' debt to Sterling subject to discharge in bankruptcy.

Sterling appealed to the U. S. District Court for the Northern District of Georgia. That court concluded that, prior to the superior court's award of damages, the appellants should have been afforded a hearing as required under OCGA § 9-11-55 (a) with respect to unliquidated damages.[7] However, the district court reversed the bankruptcy court on the issue of the default judgment: "[t]he state court found Whelan's and Schaner's failure to participate in discovery to have been willful, and this court finds no reason to secondguess that determination or attempt to quantify the degree of willfulness."[8]

Approximately a year later, February 22, 2001, the appellants filed a motion to set aside the superior court's July 9, 1998 default judgment and damages award based upon "non-amendable defects appearing in the record." A hearing was held on June 5, 2001, with regard to such motion. In apparent agreement with the district court, the superior court concluded that appellants should have been permitted to present evidence in mitigation of unliquidated damages. Accordingly, the court set aside its July 9, 1998 order as to damages and scheduled a trial solely on that issue. The superior court denied the appellants' motion to set aside the default judgment entered as a result of their wilful violation of discovery.

A bench trial was held on October 21, 2001, with regard to the damages issue. Sterling obtained testimony from its president and introduced invoices showing damages in the amount of $717,877.81; Sterling elected not to seek attorney fees. The appellants put up no evidence as to damages, claiming "we can't argue the arithmetic of what Mr. Levy [Sterling's counsel] has said." On November 1, 2001, the superior court entered judgment on the issue of damages owed to Sterling on its claim of fraud and awarded Sterling $717,877.81. It is this order that forms the basis for the instant appeal. *Held*:

By brief, appellants allege seven separate enumerations of error. They, however, make one two-page argument in support of all, without any delineation as to which enumeration of error is being addressed by any particular portion of their single argument. Notwithstanding, and deciphering as best we can, it appears that, without challenging the evidence of record against them, appellants' sole contention is that the trial court erred in granting Sterling's motion to strike appellants' answer because of wilful discovery violations without first giving appellants a "properly Noticed Hearing" on the issue of wilfulness.

---

[7] Id. at 710.
[8] Id. at 712.

Sterling, on the other hand, asserts inter alia that notions of res judicata and waiver preclude this Court's consideration of appellants' contention. Pretermitting the correctness of Sterling's assertions, addressing the substance of appellants' argument may provide a note of finality to an issue that has caused years of litigation. So, addressing appellants' contention, we find it to be meritless under the facts of this case. "Trial judges have broad discretion in controlling discovery, including imposition of sanctions, and appellate courts will not reverse a trial court's decision on such matters unless there has been a clear abuse of discretion."[9]

In this case, the record before us shows that the superior court had entered default judgment against four other named defendants in the instant case based on wilful violations of discovery. The appellants had been noticed with regard thereto. The superior court's prior experience in this case was thereafter reinforced by the fact that appellants completely failed to respond to discovery within the initial period following discovery requests. When the period for discovery was extended by agreement of the parties, appellants again failed to respond within the discovery period. In addition, appellants failed to respond to telephone calls and letters requesting compliance with discovery. Appellants failed to respond in any way whatsoever to Sterling's motion to compel and for sanctions based on discovery violations — and there was a month and a half between said motion and the court's order thereon in which response could have been made. Indeed, appellants failed to even request a hearing on such motion to strike. Appellants failed to file any response whatsoever with regard to the trial court's order granting the motion to strike and indicating that default judgment would be entered upon proof of damages — and there were seven months between the granting of the motion to strike and entry of the default judgment in which response could have been made. Thereafter, appellants failed to respond to the trial court's order entering default judgment.

In short, the record shows that not only did the appellants completely fail to comply with discovery, they completely failed to respond to any and all attempts to force them to comply with discovery, including the trial court's order evidencing the intent to enter default judgment based thereon.

> [T]he trial court need not conduct an evidentiary hearing on the issue of wilfulness in those cases "where the trial court can otherwise determine wilfulness on the part of the party against whom the sanctions are sought." *Schrembs v.*

---

[9] (Citations omitted.) *Fidelity Enterprises v. Heyman & Sizemore*, 206 Ga. App. 602, 603 (426 SE2d 177) (1992).

*Atlanta Classic Cars*, 261 Ga. 182 (402 SE2d 723) (1991). . . . An evidentiary hearing on the issue of wilfulness is not necessary in all cases.[10]

Under the circumstances of this case, and in the absence of any evidence or factually based argument to the contrary, the failure to hold a "wilfulness" hearing prior to striking appellants' answer as a sanction for discovery violations was not a clear abuse of the trial court's discretion.[11]

Appellants' remaining enumerations of error, not encompassed within the contention asserted above, are unsupported either by argument, by citation of authority, or by facts of record. We will not consider them.[12]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 20, 2002 —
RECONSIDERATION DENIED OCTOBER 7, 2002.

*John R. Whelan*, for appellants.
*Weinstock & Scavo, John B. Levy*, for appellee.

---

[10] *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 211-212 (538 SE2d 441) (2000).

[11] *Ryland Group v. Daley*, 245 Ga. App. 496, 501 (5) (537 SE2d 732) (2000); *Daniel v. Corporate Property Investors*, 234 Ga. App. 148, 149 (3) (505 SE2d 576) (1998); *Toles v. G & K Svcs.*, 230 Ga. App. 452, 453-454 (2) (496 SE2d 550) (1998).

[12] Court of Appeals Rule 27 (c) (2). See also *Outlaw v. Nasworthy*, 250 Ga. App. 362, 366 (551 SE2d 785) (2001) ("deposition testimony does not appear in the record in this case, [and] '[a]llegations of facts appearing only in the briefs and unsupported by evidence in the record will not be considered on appellate review. (Cit.)' [Cit.]").