S05F1953. BAYLESS v. BAYLESS.

(625 SE2d 741)

HINES, Justice.

This is an appeal by ex-husband Timothy Bayless from the final judgment and decree of divorce dissolving his marriage to Nancy Bayless and from the subsequent denial of his motion for new trial.[1] For the reasons which follow, the judgments are affirmed.

The Baylesses were married for more than 20 years. They have two children, one of whom is still a minor. Ms. Bayless sued for divorce on November 13, 2003.

During the course of the divorce proceedings, Mr. Bayless did not personally appear for a rule nisi hearing on August 19, 2004, although the hearing was, inter alia, on his "Motion to Withdraw Funds for Business Development and Expenses." Mr. Bayless also completely failed to comply with an August 26, 2004 order compelling discovery, necessitating the entry of a second order on September 24, 2004, directing that Mr. Bayless comply with Ms. Bayless's discovery requests. In fact, the record discloses that Mr. Bayless never fully complied with the discovery requests in a timely manner.

On November 22, 2004, the trial court entered a "Third Supplemental Order," which provided in part that the parties were to attend mediation on December 1, 2004, and that the trial was specially set for December 9, 2004 at 9:00 a.m. Even though the order stated unequivocally that "[t]he parties are ordered to attend mediation," Mr. Bayless did not personally appear for the scheduled mediation;

---

[5] *McAuliffe v. Outz,* 139 Ga. App. 62 (227 SE2d 807) (1976).

[1] The appeal was granted pursuant to this Court's pilot project, which permits appeal from a final judgment and decree of divorce. See *Wright v. Wright,* 277 Ga. 133 (587 SE2d 600) (2003).

instead, an attempt was made to conduct the mediation via long distance telephone conference, and it was unsuccessful.

Mr. Bayless did not personally appear at the specially set final hearing on December 9, 2004, although his attorney was present. The attorney asked for a continuance, which was denied. The trial court rejected Mr. Bayless's claim that a Colorado snow storm prevented his timely arrival in Georgia.[2] The trial court found that Mr. Bayless's attorney was without sufficient information to determine the reason for his client's failure or inability to appear and proceeded with a final, non-jury trial without Mr. Bayless's presence.

Because of Mr. Bayless's pattern of ignoring the trial court's directives and failed personal attendance at court proceedings, the trial court struck Mr. Bayless's answer and counterclaim, and prevented Mr. Bayless's attorney from tendering evidence at the final hearing. However, Mr. Bayless's attorney was permitted to cross-examine Ms. Bayless and challenge Ms. Bayless's evidence, and to present argument on Mr. Bayless's behalf. The trial court entered its final judgment and decree of divorce on February 4, 2005, awarding, inter alia, child support, lump sum alimony and attorney fees to Ms. Bayless, and making an equitable division of the marital property.[3] The trial court stated that, as a result of Mr. Bayless's continued drug addiction and financial irresponsibility, it found it necessary to structure the final judgment and decree of divorce so that the obligation for the direct payment of the children's expenses be placed upon Ms. Bayless. Accordingly, the trial court awarded child support in a lump sum, and provided that Ms. Bayless be responsible for maintaining the minor child's health insurance.

Mr. Bayless moved for a new trial. His attorney argued that the striking of Mr. Bayless's pleadings and consequent prevention of the presentation of evidence on his behalf was error and that Mr. Bayless should have been allowed to offer expert evidence from an accountant dealing with unresolved tax liabilities for 2003 arising from funds received from the sale of his business. In denying the motion for new trial, the trial court affirmed it had the authority to strike Mr. Bayless's answer and counterclaim, and, citing *Pippinger v. Pippinger*, 236 Ga. 585 (224 SE2d 418) (1976), rejected the then proffered evidence of tax liabilities as speculative.

---

[2] The evening of the day of the final hearing, Mr. Bayless was seen at a party in Atlanta.

[3] Ms. Bayless received, inter alia, the Georgia residence and its contents, four automobiles, and $466,990. Mr. Bayless received the Colorado residence and its contents, 35 additional acres, the contents of a joint storage facility, four automobiles, two all-terrain vehicles, and $196,990.

1. Mr. Bayless contends that the trial court had no authority to deny him the right to present his case without appearing in person, and to grant a default judgment. But the contentions are unavailing.

First, even though the entry of a default judgment is forbidden in divorce cases, the procedural right of a spouse in a divorce case to defend without filing an answer cannot be used to excuse the disregard of other procedural rules of Georgia trial courts. *Withrow v. Withrow*, 278 Ga. 525, 526 (1) (603 SE2d 276) (2004). Moreover, in this case, the trial court did not grant a default judgment in favor of Ms. Bayless; it tried the case and allowed Mr. Bayless, through counsel, to challenge the evidence presented by Ms. Bayless. So, the question becomes whether the trial court had the right to take the actions it did. And it must be concluded that, under the circumstances of this case, the trial court was within its authority to strike Mr. Bayless's answer and counterclaim and to bar the presentation of his evidence.

It is certainly true, as Mr. Bayless notes, that Uniform Superior Court Rule 10.4[4] does not require that a party appear in court or authorize the trial court to impose sanctions for a party's failure to do so. *Masonry Standards v. UPS Truck Leasing*, 257 Ga. 743, 743-744 (363 SE2d 553) (1988). However, the trial court may impose a harsh sanction, including the striking of defensive pleadings and the barring of the introduction of supporting evidence, because of

> the inherent power of the trial court who is charged with the efficient clearing of cases upon the court's docket. [Cit.] Further, OCGA § 15-1-3 provides that every court has the power to compel obedience to its orders and to control the conduct of everyone connected with a judicial proceeding before that court. OCGA § 15-1-3 (3) and (4).

(Citations and punctuation omitted.) *Truitt v. Housing Auth. of the City of Augusta*, 235 Ga. App. 92, 94 (507 SE2d 781) (1998). Mr. Bayless urges that *Truitt* fails to provide authority for the trial court's actions in this case because, unlike *Truitt*, his attorney was ready to proceed with the trial, and, in *Truitt*, the trial court did not dismiss immediately, but instead ordered that the party appear the next day at a set time, or face stern consequences. But the record belies the claim that Mr. Bayless's counsel was ready to proceed with trial at the call of the calendar. Instead, his counsel immediately moved for a continuance, in an attempt to procure Mr. Bayless's presence.[5] What

---

[4] USCR 10.4 provides:
  During the course of a proceeding no one except the judge may excuse from the courtroom a party, a witness (including one who has testified), or counsel.

[5] The transcript of the motion for new trial hearing makes it plain that the request for a

is more, *Truitt* does not require that the trial court wait an interval before striking the pleadings and/or issuing a directive to Mr. Bayless to appear in person. Mr. Bayless had failed to personally appear throughout the litigation, and had disregarded multiple orders issued by the trial court. See *Truitt* at 94.[6] " 'A party who intentionally fails to comply fully with a court order may be subject to the harshest of sanctions.' " *Mateen v. Dicus*, 275 Ga. App. 742, 746 (621 SE2d 487) (2005), quoting *Butler v. Biven Software*, 238 Ga. App. 525, 527 (522 SE2d 1) (1999).

To justify his absence, Mr. Bayless makes much of the fact that the Third Supplemental Order specially setting the trial for December 9, 2004 did not specify that he had to appear in person. However, this assertion completely disregards the clear indication from the record that both the trial court and Mr. Bayless's counsel believed that Mr. Bayless had the obligation to be in court for the final hearing. What is more, it is evident that the trial court's sanctions were not only in response to one act, that is, Mr. Bayless's failure to attend the December 9, 2004 final hearing, but rather, were the result of the court's frustration with Mr. Bayless's course of conduct throughout the divorce proceedings.[7]

2. The decision in Division 1 renders moot Mr. Bayless's additional complaint that the trial court, relying on *Pippinger v. Pippinger*, erred in barring the proffered evidence regarding the tax consequences resulting from the sale of his business.

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 17, 2006.

*David A. Webster, McGough, Huddleston & Medori, H. Martin Huddleston*, for appellant.

*McGinnis & Chambers, Eugene P. Chalmers III, Jill C. Zierer*, for appellee.

---

continuance was motivated in part by counsel's desire to secure Mr. Bayless's presence at the trial.

[6] Even though the trial court did not expressly cite Mr. Bayless's misuse of the discovery process in sanctioning him, such abuse plainly provided a basis for the striking of Mr. Bayless's pleadings. See *Schaner v. Sterling Factors*, 257 Ga. App. 733, 737 (572 SE2d 14) (2002).

[7] At the December 9, 2004 hearing, the trial judge commented that she had not had any other case in her twelve years on the bench in which a party had failed to show up for court on three occasions, and that she would consider finding Mr. Bayless in contempt and putting him in jail if she "could ever get him here."