## S12F0539. PENNINGTON v. PENNINGTON.
### (728 SE2d 230)

THOMPSON, Justice.

Robert Pennington (husband) and Michelle Pennington (wife) were divorced pursuant to a final judgment and decree entered after wife failed to appear for a scheduled final hearing to determine child custody. After the trial court denied wife's motions to set aside, for new trial, and for reconsideration, she filed an application for discretionary appeal which we granted pursuant to this Court's Rule 34 (4) regulating applications to appeal in certain divorce and alimony cases. Finding no error, we affirm the judgment of the trial court.

After 13 years of marriage, wife filed a petition for divorce alleging the marriage was irretrievably broken. Husband filed an answer and counterclaimed for divorce. At a November 22, 2010 status conference, the court discussed with the parties its intent to schedule a jury trial to begin on a Monday in the early part of December 2010. The court further informed the parties that consistent with its usual practice, all child custody issues would be decided at a final hearing to be held on the Friday preceding the Monday of jury selection. The following day, a notice of jury trial was mailed to the parties notifying them of trial on December 13, 2010. On November 30, a notice of hearing was mailed to the parties notifying them of the child custody hearing to be held on December 10, 2010.

The night before the custody hearing, husband and wife discussed settlement, but wife refused to sign a draft agreement prepared by husband's counsel. The next morning, husband found a note on the windshield of his car purportedly signed by wife stating, "This is so we can settle it all without any dispute or delay. Just fill in what the settlement is." Wife did not communicate with either the court or husband the morning of the final custody hearing, which she chose not to attend. The court declined to accept the unverified note as proof of a settlement agreement between the parties and based on wife's failure to appear at that hearing, it struck her pleadings from the docket, admitted into evidence the guardian ad litem's supplemental report, and proceeded to enter judgment on husband's counterclaim

for divorce. The final decree awarded husband sole custody of the children and all marital property.

1. Wife contends the trial court abused its discretion by striking her pleadings and proceeding to a bench trial as a sanction for her failure to appear. We disagree. A trial court may strike a party's pleadings as a proper sanction for wilful refusal to participate in the proceedings pursuant to a court's inherent power to efficiently administer the cases upon its docket, as well as its power to compel obedience to its orders and control the conduct of everyone connected with a judicial proceeding before that court. *Kautter v. Kautter*, 286 Ga. 16, 18 (685 SE2d 266) (2009); *Bayless v. Bayless*, 280 Ga. 153, 155 (625 SE2d 741) (2006); *Truitt v. Housing Auth. of the City of Augusta*, 235 Ga. App. 92, 94 (507 SE2d 781) (1998); OCGA § 15-1-3 (3), (4). Here, the court informed the parties at the November status conference that a final hearing to determine all issues related to child custody would be held the Friday before trial. The trial court went on to specifically warn wife, who that day had agreed to her counsel's withdrawal, that she needed to check her mail in a timely manner because notices of the upcoming hearing and trial dates would be sent to her at the post office address she provided the court. Despite proper notice of the hearing having been provided, wife voluntarily chose not to participate in the proceedings and not to inform the court, either personally or by authorized representative, of any reason for her failure to appear. Under the circumstances in this case, we conclude the trial court was authorized to strike wife's pleadings. *Bayless*, supra, 280 Ga. at 156 (" 'A party who intentionally fails to comply fully with a court order may be subject to the harshest of sanctions.' [Cits.]"). See also Uniform Superior Court Rule 14 (authorizing dismissal of action or any pleading upon failure of party to respond to call of action for trial or other proceeding).

Wife argues she was excused from appearing at the hearing because she believed the matter was settled and because she had attended all other hearings. Her failure to appear, however, is not excused by the fact that the night before the final hearing she left a note telling husband to "fill in what the settlement is." Regardless of wife's intent in leaving the note, it is undisputed she never communicated to the court her intent to settle and she failed to provide any notice to the court of her reason for not appearing. Instead, on the day of the final hearing the court had no explanation for wife's absence, no verification that the signature on the note belonged to wife, and no evidence of a meeting of the minds between the parties as to what terms, if any, were to be included in a purported agreement. We refuse

to hold that a note from one party to another abdicating all responsibility and authority in resolving a dispute reasonably excuses a party's failure to communicate with the court and participate in a scheduled proceeding.

Moreover, the record does not support wife's claim of wilful participation in the proceedings. In addition to her failure to appear when her case was called on December 10, the record reflects wife previously had failed to attend a scheduled settlement conference and had failed to respond to husband's discovery requests. The record thus makes clear, as in *Bayless*, the trial court's repeated efforts to resolve this case in a timely fashion for the benefit of both the parties and their minor children and its continued frustration with wife's conduct throughout the proceedings.

2. We need not address wife's contentions that she was denied her right to a jury trial or to present and object to the introduction of evidence because the trial court was authorized to strike her pleadings, including her jury trial demand, as a proper sanction for her failure to participate in the proceedings. See *Kautter*, supra, 286 Ga. at 17 (1); *Bonner v. Smith*, 226 Ga. App. 3 (4) (485 SE2d 214) (1997).

3. Wife contends the trial court had a duty under the due process clause "to take further steps to allow her to participate in the custody hearing" after striking her pleadings. "A fundamental requirement of due process in any proceeding which is to be accorded finality is notice that is reasonably calculated to inform interested parties of an impending hearing and afford them an opportunity to present their objections." (Punctuation omitted.) *Cormier v. Cormier*, 280 Ga. 693 (1) (631 SE2d 663) (2006). As discussed above, wife was given notice of both the time and purpose of the December 10, 2010 hearing and an opportunity to present her case at the hearing. Accordingly, wife was provided a full hearing on the issue of child custody which she chose not to attend, and she has failed to set forth a valid due process claim. Id. See also *Davenport v. State*, 283 Ga. 29 (2) (a) (656 SE2d 514) (2008) (claim of no opportunity to be heard belied by record showing court twice gave party opportunity to respond).

Wife's reliance on *Simmons v. Simmons*, 265 Ga. 183 (453 SE2d 696) (1995), for the proposition that the written notice of hearing was defective because it failed to specify the subject matter is misplaced. In *Simmons*, the parties were telephonically informed by a law clerk of an upcoming hearing. Counsel for husband in that case was told the hearing was for final resolution and determination of custody issues and after he inquired further, he was told parties and witnesses were expected to attend. A paralegal from the office of wife's counsel testified, however, that the clerk told her the hearing concerned the guardian ad litem's report and that her office was responsible for

providing a court reporter. On the day of the scheduled hearing, the trial court acknowledged there had been a "miscommunication" but denied wife's motion for continuance. We determined on appeal that because wife's counsel had never been told about the scope of the hearing or the need to have clients and witnesses in attendance, it was an abuse of discretion to deny the motion for continuance. Id. at 185. Here, wife was verbally notified of the subject matter of the hearing and was given verbal and written notice of the time of the hearing.

4. Finally, wife argues the trial court erred in its denial of her motion to set aside the final judgment because the property and custody awards exceed the amount prayed for in husband's counterclaim for divorce.

(a) With regard to the property award, husband sought as part of his counterclaim an "equitable division of all real and personal property, assets, and indebtedness of the parties." Because "an equitable division of marital property does not necessarily mean an equal division," (punctuation omitted) *Fuller v. Fuller*, 279 Ga. 805, 808 (3) (621 SE2d 419) (2005), the property award does not exceed the amount prayed for by husband.

In addition, our review of the record demonstrates the trial court had before it financial affidavits submitted by both parties providing evidence of the value of husband's retirement benefits and personal and real property acquired by the parties during the marriage. The court also had evidence of the amount of debt the parties owed at the time wife filed her petition for divorce, including a first and second mortgage on the marital home, and a substantial amount of additional debt charged by wife on either jointly owned accounts or husband's personal accounts while the divorce action was pending.[1] The factfinder has "broad discretion to distribute marital property to assure that property accumulated during the marriage is fairly divided between the parties," (citation and punctuation omitted) *Harmon v. Harmon*, 280 Ga. 118 (622 SE2d 336) (2005), and an award will be overturned only if it falls outside this discretion. *Rumley-Miawama v. Miawama*, 284 Ga. 811, 815 (671 SE2d 827) (2009). Based on the evidence before the trial court, we cannot say the trial

---

[1] The trial court found and there is evidence in the record that wife added her name to and transferred funds from several of husband's credit card accounts while the divorce action was pending. These transactions include more than $10,000 in cash advances, attempts to transfer $6,100 in credit card debt from wife's account to husband's, and the charging to husband's credit card automobile lease payments on a $50,000 vehicle acquired by wife. In addition, the guardian ad litem reported that since the inception of the divorce action wife had incurred more than $65,000 in additional credit card debt.

court abused its discretion in making its property award.[2] See id.; *Fuller*, supra, 279 Ga. at 808 (3); *Wright v. Wright*, 277 Ga. 133 (3) (587 SE2d 600) (2003); *Mitchely v. Mitchely*, 237 Ga. 138, 139 (227 SE2d 34) (1976).

(b) Nor did the trial court exceed its authority by awarding husband sole custody of the parties' minor children. In his counterclaim for divorce, husband sought "temporary and permanent physical and legal custody" of the children, thus notifying wife that custody would be an issue in the divorce action and giving her the opportunity to assert defenses to the requested relief. The fact that husband during settlement negotiations may have been amenable to a provision granting wife supervised visitation did not alter his request or the notice it provided. Inasmuch as the custody award does not exceed the amount prayed for in husband's counterclaim and this is the only ground on which wife challenges the custody award, wife's motion to set aside the final judgment was properly denied.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 29, 2012.

*R. Douglas Lenhardt*, for appellant.
*Albert H. Dallas*, for appellee.

---

[2] Our review of the trial court's property award is hampered to some degree by the absence of factual findings clarifying the court's rationale. However, "a superior court judge is not required to make findings of fact in a nonjury trial unless requested to do so by one of the parties prior to entry of the written judgment [cits.]," *Crowder v. Crowder*, 281 Ga. 656, 658 (642 SE2d 97) (2007), and neither party in this case asked the court to make such findings. See also *Rumley-Miawama*, supra, 284 Ga. at 815; *Hammond v. Hammond*, 282 Ga. 456 (4) (651 SE2d 95) (2007).