[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11201

Non-Argument Calendar

_____

TOMMY LEE COX,

Plaintiff-Appellant,

*versus*

CATHELENE ROBINSON,
Individually and in her official capacity as
Fulton County Clerk of Superior and Magistrate Court,
a.k.a. Cathelene (Tina) Robinson,
JOHN AND/OR JANE DOE(S) 1 THROUGH 100,
Individually,
JOHN AND/OR JANE DOE(S) 1 THROUGH 100,
each in their official capacity as Fulton County Chief
Deputy Clerk, Assistant Chief Deputy Clerk(s), and
Clerk(s) whose true name,their office and

2                      Opinion of the Court                      23-11201

residential address each are yet unknown,
ROBINSON,
and these Does clerking for and in the employment
of Georgia's Fulton County Office of Clerk of
Superior and Magistrate Court,

                                            Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-01998-SEG

_____

Before LAGOA, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Tommy Lee Cox, proceeding *pro se*, appeals the district court's dismissal of his complaint brought under 42 U.S.C. §§ 1983, 1985, and 1986 and multiple provisions of the Georgia Constitution. The district court's basis for dismissing Cox's complaint was its finding that the defendants were entitled to absolute immunity and Eleventh Amendment sovereign immunity in their roles as state court clerks.

"Whether an official is entitled to absolute immunity is a question of law that we review *de novo*." *Stevens v. Osuna*, 877 F.3d

1293, 1301 (11th Cir. 2017).  We also review *de novo* whether an entity constitutes an arm of the state under Eleventh Amendment immunity analysis.  *Lightfoot v. Henry Cnty. Sch. Dist.*, 771 F.3d 764, 768 (11th Cir. 2014).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, a *pro se* litigant is nonetheless "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  We "generally will not consider an issue or theory that was not raised in the district court."  *Wright v. Hanna Steel Corp.*, 270 F.3d 1336, 1342 (11th Cir. 2001).

Clerks of the court have absolute immunity for a narrow range of acts that "they are specifically required to do under court order or at a judge's direction, and only qualified immunity for all other actions for damages."  *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981); *see also Roland v. Phillips*, 19 F.3d 552, 556 n.4 (11th Cir. 1994) (holding that, when an official acts pursuant to a direct judicial order, absolute quasi-judicial immunity is obvious).

"[T]he power to punish for contempt[] is inherent in all courts."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (quotation marks omitted, first alteration in original).  Within this power, courts have discretion "to fashion an appropriate sanction for conduct which abuses the judicial process."  *Id.* at 44-45.  Moreover, each Georgia superior court possesses the power "to compel

obedience to its orders and to control the conduct of everyone connected with a judicial proceeding before that court." *Bayless v. Bayless*, 280 Ga. 153, 155 (2006) (citing O.C.G.A. § 15-1-3(3)-(4)). Georgia superior courts are "charged with the efficient clearing of cases upon [their] docket," and they are authorized to impose "harsh sanction[s]" pursuant to that duty. *Id.*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, state officials sued . . . in their official capacity are immune from suit in federal court." *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). This bar applies regardless of whether the relief sought is legal or equitable. *Nichols v. Ala. State Bar*, 815 F.3d 726, 731 (11th Cir. 2016). Immunity under the Eleventh Amendment is considered "surrendered" in three situations:

> (1) when a state waives its Eleventh Amendment sovereign immunity and consents to suit in federal court, (2) when Congress, acting pursuant to § 5 of the Fourteenth Amendment, abrogates a state's Eleventh Amendment sovereign immunity by expressing an unequivocal intent to do so, and (3) when a state official is sued for prospective injunctive relief to end a continuing violation of federal law.

*Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1278 (11th Cir. 1998) (citations omitted).

The state of Georgia has not waived its sovereign immunity "with respect to actions brought in the courts of the United States." O.C.G.A. § 50-21-23. The Supreme Court has held that Congress did not abrogate the sovereign immunity of Georgia—or any other state—in enacting 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 342-45 (1979).

"To receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*). "Whether a defendant is an 'arm of the State' must be assessed in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." *Id.* We consider four factors in assessing whether an entity is an "arm of the State": "(1) how state law defines the entity; (2) what degree of control the State maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for judgments against the entity." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1294 (11th Cir. 2023).

The Georgia Constitution gives the state legislature the power to set the "qualifications, powers, and duties" of Georgia superior court clerks. Ga. Const. art. IX, § 1, para. III(a). Pursuant to this power, the Georgia state legislature has enacted statutes related to the duties and powers of superior court clerks. *See*

O.C.G.A. §§ 15-6-60, 15-6-61.  Georgia state law also sets qualifications for superior court clerks, and the governor of Georgia has the authority to form a committee to investigate a clerk's alleged misconduct, which can result in her removal from office.  *See id.* §§ 15-6-50, 15-6-82.  Indeed, the Georgia Constitution prohibits counties in Georgia from taking actions that affect any elective county office . . . or the personnel thereof."  Ga. Const. art. IX, § 2, para. I(c)(1).  In Georgia, superior court clerks are elected county officials.  *Id.* art. IX, § 1, para. III(a).

Here, we conclude that the district court did not err in dismissing Cox's complaint on immunity grounds.  As for his individual-capacity claims, the district court correctly found that Robinson was protected by absolute immunity, because her conduct was carried out in compliance with a valid and enforceable court order.  The district court also correctly found that Robinson was protected by Eleventh Amendment sovereign immunity against Cox's official-capacity claims, because it correctly concluded that Robinson, as a superior court clerk, was acting as an "arm of the state."  Accordingly, we affirm.

**AFFIRMED.**